■ In the Matter of RUSSELL B. MURRAY, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— STALEY, JR., J. Proceeding pursuant to article 78 of the CPLR to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's operator's license for refusal to submit to a chemical test to determine the alcoholic content of his blood following his arrest for driving while intoxicated. (Vehicle and Traffic Law, § 1194, subd. 1.) Petitioner was arrested on July 23, 1967 in the Village of Lake George, New York about 11:50 P.M. by Edward Sturges, a duly appointed special policeman of the Village of Lake George. Sturges testified that he observed petitioner while driving his automobile strike the rear of a parked truck; that when he interrogated the petitioner he observed the smell of alcohol and also a glass of alcohol on the floor of the automobile; and that, when petitioner got out of the automobile, he walked with a very unsteady gait. This testimony is uncontradicted, and the finding that the special policeman had reasonable grounds to believe that petitioner had been driving in an intoxicated condition is supported by the evidence. Petitioner was taken to the village police station where he was asked to submit to a chemical test to determine the alcoholic condition of his blood. Petitioner responded by stating "I will not sign a release for a chemical test." Sturges thereafter filed a report with the Commissioner of Motor Vehicles that petitioner refused to submit to a chemical test as requested and, after a hearing, petitioner's operator's license was revoked. The main issue on this appeal is whether or not the arresting officer had the authority to make the arrest and request petitioner to submit to a chemical test. Subdivision 1 of section 1194 of the Vehicle and Traffic Law states in substance that an operator of a motor vehicle shall be deemed to have given his consent to a chemical test "provided that such test is administered at the direction of a police officer * * * having reasonable grounds to believe such person to have been driving in an intoxicated condition". In order to sustain a revocation of an operator's license for refusal to submit to a chemical test as provided by section 1194, it must be established that (1) the police officer who arrested the petitioner had reasonable grounds to believe petitioner was driving while intoxicated; (2) the arrest was properly made; and (3) petitioner was requested to and refused to submit to the test prescribed by statute. (*Matter of Foster* v. *Tofany,* 31 A D 2d 987; *Matter of Sullivan* v. *Hults,* 27 A D 2d 746.) Section 189-a of the Village Law provided as follows: "The mayor of any village shall have power to appoint such number of special policemen for the village as he may deem necessary to preserve the public peace in case of riot, conflagration, dangerous traffic congestion or other public emergency. * * * Such special policemen shall be residents of the village and shall be under the sole control of the regularly appointed and constituted officers of the police department or police force. They shall have the power to make arrests only for public intoxication, traffic violations, disorderly conduct or

other offenses against peace and good order." Petitioner contends that the authority conferred on special village policemen by section 189-a as it relates to traffic violations is limited to traffic infractions as defined by section 155 of the Vehicle and Traffic Law which are violations that are not misdemeanors or felonies. Subdivision 1 of section 1192 of the Vehicle and Traffic Law provides that anyone operating a motor vehicle while in an intoxicated condition should be guilty of a misdemeanor. However, the enactment of section 155 of the Vehicle and Traffic Law antedated the enactment of section 189-a of the Village Law and the inclusion of "traffic violations" in section 189-a obviously means any and all violations of any of the provisions of the Vehicle and Traffic Law. Petitioner further contends that a special village policeman is not a police officer. Subdivision 1 of section 1192 of the Vehicle and Traffic Law requires that the test should be administered at the direction of a "police officer" and, therefore, if a special village policeman is not a "police officer" as contemplated by the statute, the direction to submit to the chemical test is void and petitioner's license should not have been revoked. Section 132 of the Vehicle and Traffic Law defines police officer as "Every member of the state police and every duly designated peace officer". Section 154 of the Code of Criminal Procedure defines peace officers as follows: "A peace officer is: * * * 2. a constable, marshall, police constable, or policeman of a county, city, town or village". Section 158 of the Town Law provides for the appointment of temporary police by town boards of first and second class towns and that "Such police officers shall be known as 'special policemen' and shall have all the power and authority conferred upon constables by the general laws of the state". Although section 189-a of the Village Law does not specifically so state, the memoranda in the bill jacket of chapter 88 of the Laws of 1942, which enacted section 189-a, does state that it was intended that villages should be given the same power to appoint special policemen as towns and second class cities. (Cf. Membership Corporations Law, § 23; Mental Hygiene Law, § 34, subd. 4.) A special village policeman is a peace officer as defined by section 154 of the Code of Criminal Procedure either as a policeman of a village or as a special policeman with all the powers conferred upon constables. It must, therefore, be concluded that special village policemen are police officers and empowered to direct the administration of chemical tests as provided by subdivision 1 of section 1194 of the Vehicle and Traffic Law. The other contentions of the petitioner are without merit, and the revocation of petitioner's operator's license should not be disturbed. (*Matter of Donahue* v. *Tofany*, 33 A D 2d 590; *Matter of Lundin* v. *Hults*, 29 A D 2d 581.) Determination confirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.