In the Matter of WILLIAM E. CONNORS, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Third Department, December 1, 1971.

Louis J. Lefkowitz, Attorney-General (Philip J. Fitzgerald and Ruth Kessler Toch of counsel), for appellant.

William E. Connors, respondent in person.

SWEENEY, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered January 12, 1971 in Saratoga County, in a proceeding brought pursuant to article 78 of the CPLR which annulled an order of the Commissioner of Motor Vehicles revoking petitioner's operator's license for refusal to submit to a chemical test to determine the alcoholic content of his blood.

Petitioner was arrested on February 22, 1970 and charged with driving while intoxicated. The arresting officer testified

that he asked him if he would submit to a chemical test for intoxication and warned him that a refusal to do so "may result in the revocation of his license by the Department of Motor Vehicles regardless of the outcome of the charge for driving while intoxicated". Subdivision 1 of section 1194 of the Vehicle and Traffic Law requires that the officer must warn petitioner "to the effect that" a refusal to submit to such chemical test may result in the revocation of his license "whether or not he is found guilty of the charge for which he was arrested". Special Term held that the warning was insufficient because of its variation from the required language of the statute. With this we do not agree. In our opinion there was a substantial compliance with the statute which adequately apprised petitioner of the effect of his failure to submit to a chemical test. The circumstances are readily distinguishable from *Matter of Harrington* v. *Tofany* (59 Misc 2d 197), where there was no warning whatsoever that a revocation might result whether or not he was found guilty of the charge of driving while intoxicated. In view of this determination it is not necessary to pass upon the admissibility of the arresting officer's affidavit.

The judgment should be r ersed, on the law and the facts, and petition dismissed, without costs.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and COOKE, JJ., concur.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.