■ In the Matter of JOSEPH R. ZAMBROSKI, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— Appeal from a judg-

ment of the Supreme Court at Special Term, entered April 24, 1970 in Cortland County, which set aside a determination revoking petitioner's operator's license for refusal to submit to a chemical test following an arrest for driving while intoxicated. Petitioner was arrested on July 15, 1969 and charged with driving while intoxicated. The arresting officer testified that immediately after the arrest he asked petitioner if he would submit to a chemical test and that petitioner stated that he would not. He was then told that "for refusing to take the chemical test for intoxication, that he would be subject to be called to a Motor Vehicle hearing for his license could be suspended or revoked, whether or not he was convicted later on this charge". A short time thereafter, while in the Judge's office, the officer again asked petitioner if he would submit to the chemical test and again he refused, although at that time no warnings were given. Subdivision 1 of section 1194 of the Vehicle and Traffic Law requires that the officer must warn petitioner to the effect that a refusal to submit to a chemical test may result in the revocation of his license whether or not he is found guilty of the charge for which he was arrested. Petitioner was adequately apprised of the effect of his failure to take the test and there was substantial compliance with section 1194 which is all that is required (*Matter of Connors* v. *Tofany*, 37 A D 2d 402). Judgment reversed, on the law and the facts, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.