C. Benn Forsyth, J.
This case raises the issue of the right of the police to take a blood test from an unconscious defendant. Defendant has moved to suppress the results of the blood test on the grounds that his consent was never given.
The facts are not in dispute. The officer came upon a three-car accident. He opened the door of the defendant’s car (the last of the three) and smelled liquor. The defendant was unconscious and never gained consciousness until some time after the blood test in question was taken. The officer called an ambulance and told the attendants to make sure the defendant was kept at the hospital until after a blood test could be taken. The officer arrived at the hospital about one-half hour after the accident and signed the necessary forms authorizing the blood test. At the same time he filled out the uniform traffic ticket charging the defendant with driving while intoxicated. The blood test was shortly thereafter taken. The defendant seeks to suppress the results of that blood test.
The threshold question is whether or not an unconscious defendant can be arrested. Section 1194 of the Vehicle and Traffic Law restricts blood tests to those taken after an arrest. The defendant contends that since he was unconscious, a valid arrest could not be made, as he could not be advised of the facts of the arrest as required by CPL 140.35. The Court of Appeals has ruled that the obligation to advise the defendant of the fact and cause of his arrest, as prescribed by said CPL 140.35 is not jurisdictional. Thus, in the cases of Squadrito v Griebsch (1 NY2d 471), and People v Coffey (12 NY2d 443), the Court of Appeals found that when verbal instruction as to the fact and cause of arrest were meaningless, such statements were not essential. In the case at bar, the defendant was unconscious. Verbal statements would have been entirely meaningless. The court holds that they were not essential to an arrest in this situation.
An arrest is determined by conduct that occurs. As stated in People v Cantor (36 NY2d 106, 111): "whenever an individual is physically or constructively detained by virtue of a significant interruption of his liberty of movement as a result of police action, that individual has been seized”. In the case at *1083 bar, the defendant was not free to leave the hospital. His liberty had been restrained by the action of the police officer, and he was under arrest.
The second aspect is whether or not the defendant refused to consent to a blood test. Under the statute (Vehicle and Traffic Law, § 1194) a defendant may refuse to have his blood tested, in which event the results of any such blood test are not admissible. This statutory provision exceeds the constitutional safeguards of defendant’s rights. The constitutional standard permits taking of a blood test if there is a reasonable basis for arrest for driving while intoxicated (People v Craft, 28 NY2d 274). The New York Legislature has imposed a stricter standard.
In approaching this problem it is important to note that section 1194 of the Vehicle and Traffic Law requires a refusal by a defendant. The legislation does not require an affirmative consent. The Legislature had the right to require the defendant to speak, as it was creating rights in excess of those guaranteed by the Constitution. In the case at bar, at no time has the defendant taken the position that he actually refused to take a blood test. He stands mute.
This application cannot be said to be in objection to the taking of the blood test. A motion to suppress evidence places the ultimate burden of proving illegality of the evidence upon the defendant (People v Berrios, 28 NY2d 361). In the case at bar, the defendant, therefore, has the burden to show that he refused the blood test. No evidence of a refusal has been presented. The only evidence presented was that the defendant stood mute. Under the circumstances, the court therefore finds the defendant did not refuse to take a blood test. The issue of whether or not the results of a blood test, taken upon an unconscious defendant, who upon regaining consciousness and being informed of the blood test immediately objects, is not before this court. In the case at bar, the defendant has in no way affirmatively objected to the blood test.
The court denies the defendant’s application for supression.
This decision is deemed to include the court’s findings.