■ ARNOLD J. KOWANES, JR., Petitioner, v STATE OF NEW YORK DE-

PARTMENT OF MOTOR VEHICLES, Respondent.—Determination unanimously confirmed, without costs. Memorandum: Following petitioner's arrest for driving while intoxicated, he refused to submit to a chemical test for intoxication and, pursuant to subdivision 2 of section 1194 of the Vehicle and Traffic Law, his license was subsequently revoked. In this CPLR article 78 proceeding, he seeks to review respondent's administrative review board's confirmation of the revocation. We find no merit in petitioner's contention that he was not given a sufficient warning in clear and unambiguous language of the effect of his refusal to submit to the chemical test. The undisputed testimony of the arresting officer indicates that on several separate occasions he was informed that "failure to submit may result in revocation of your license whether or not you are convicted of this charge." This language clearly fulfills the statutory requirement of subdivision 4 of section 1194 of the Vehicle and Traffic Law. (*Matter of Connors v Tofany*, 37 AD2d 402.) Contrary to petitioner's assertion, the use of the phrase "may result in revocation" is not in conflict with the statutory mandate of subdivision 2 of section 1194 of the Vehicle and Traffic Law, that upon such refusal the commissioner "shall revoke" the license, since the mere recitation of the warning together with a subsequent refusal to submit does not automatically require revocation in every instance. Thus, in order to sustain the revocation it must be established that, aside from a warning and refusal, there were reasonable grounds for the arrest and that the arrest was properly made. (See *Matter of Murray v Tofany*, 33 AD2d 1080.) Nor is there any merit to petitioner's contention that the hearing officer improperly disregarded an exculpatory note by the arraigning Justice that petitioner did not appear intoxicated at the time of his arraignment. Rather than accept as evidence this unsworn and unattested document, the record indicates that the hearing officer properly reserved decision and upon petitioner's request would have granted an adjournment for the purpose of taking testimony from the arraigning Justice. Petitioner, however, failed either to request such an adjournment or to secure a proper statement from the Justice, and upon such failure he cannot now contest the exclusion of this evidence. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.