■ JOHN S. DYSON, as Commissioner of Agriculture and Markets, Appellant, v D. R. CHAMBERS & SONS, INC., Respondent.—Appeal from an order of the Supreme Court at Special Term, entered August 6, 1975 in Albany County, which denied plaintiff's motion for a preliminary injunction pending a determination of the action for a permanent injunction. The defendant operates an auction market for the sale of horses. Plaintiff brought an action seeking judgment enjoining the defendant from conducting the sale of horses unless the horses have been tested for the disease of equine infectious anemia (E.I.A.) and have reacted negatively, or unless exempt from such tests pursuant to subdivision 6 of section 95-c of the Agriculture and Markets Law and 1 NYCRR 64.8 and 64.9. The preliminary injunctive relief sought was properly denied. Plaintiff had the burden of establishing reasonable probability of success on the action and the existence of irreparable injury in the event an injunction did not issue. Plaintiff's clear right to relief and of immediate need was not established and injunctive relief may not be granted without a further development of the facts and the law upon a plenary trial (Smith v Robilotto, 25 AD2d 454). The relief sought could have been obtained long since, had the case been added to the Trial Calendar and actively pursued by the plaintiff. Order affirmed, with costs. Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of JOSEPH JASON, Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Montgomery County) to review a determination of the Commissioner of Motor Vehicles revoking petitioner's license to operate a motor vehicle. Petitioner was arrested on April 27, 1975 for driving while intoxicated and it is conceded that he thereafter refused to consent to a chemical test to determine the alcoholic content of his blood. The issue is whether he was first adequately warned of the consequences such a refusal might entail (see Vehicle and Traffic Law, § 1194, subd 2). The referee found, and this finding too is not disputed, that the arresting officer had informed petitioner "if you refuse to submit to this test your driver's license or privilege to drive in this state may be revoked whether or not you are found guilty of driving while intoxicated." We agree with respondent that this language conveyed a sufficient warning to petitioner in accordance with the statute and there is no entitlement to further advice that a refusal would result in a revocation of driving privileges (see Matter of Warren v Melton, 59 AD2d 963; Matter of Zambroski v Tofany, 40 AD2d 885, affd 31 NY2d 968; Matter of Connors v Tofany, 37 AD2d 402). Lastly, petitioner received an opportunity to present his arguments before respondent's appeal board. The fact that personal appearances are apparently not permitted before that entity deprived him of no rights, particularly since judicial review of the instant determination was available to him. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Mikoll, JJ., concur.