■ In the Matter of DORIS PERRY, Petitioner, v DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County), to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's license for refusal to submit to a chemical test. Petitioner was arrested for driving while intoxicated by an officer of the New York State Police and was subsequently charged with refusing to submit to a chemical test to determine the alcoholic content of her blood. The Department of Motor Vehicles conducted a hearing after which the referee found that petitioner had refused to submit to the test and revoked her license. That determination was confirmed by the administrative appeals board and approved by the Commissioner of Motor Vehicles who ordered the revocation of petitioner's license. This proceeding ensued. The police officer testified that he followed the petitioner's car and noticed that it wandered over to the extreme left side of the road. The trooper further testified that, after stopping the petitioner, he detected an odor of alcohol on her breath and observed her to be staggering. She was thereupon arrested for driving while intoxicated and advised that her refusal to submit to a chemical test could result in the revocation of her license. The trooper testified that the defendant indicated that she would not submit to a chemical test. The petitioner testified that the trooper did not warn her of any consequences of her refusal to take the test and further indicated that an hour and a half later, after she had left the police, she called to advise that she was willing to take the test but was told that it was then too late. She did testify that she had three bottles of beer for dinner. The referee accepted the testimony of the trooper. He further found that petitioner's later telephone offer to submit to the test was not timely. On this proceeding, the petitioner alleges that she was nervous, upset, distraught and confused, all of which accounted for her actions. She also claims that there was insufficient probable cause to stop her in the first instance or to arrest her for driving while intoxicated. She further alleges that, in view of her age and condition, the warning as to the consequences of her refusal to submit to the test was insufficient as a matter of law. On this proceeding our function is to review the record to determine if there is substantial evidence to support the determination made by the administrative agency (Matter of Stork Rest. v Boland, 282 NY 256). When,

as in this case, there are presented issues of credibility for the referee to resolve, those findings, if supported by substantial evidence, must be accepted by this court *(Matter of Williams v Tofany,* 46 AD2d 708). The testimony of the police officer, accepted by the referee, which indicated the odor of alcohol on the petitioner's breath and the staggering walk provided substantial evidence to support the determination that the police officer had probable cause to stop the petitioner and to require her to take the chemical test in question. The referee further found, and substantial evidence supports that finding, that the officer properly warned petitioner of the consequences of her refusal to submit to the test *(Matter of Litts v Melton,* 57 AD2d 1027; *Matter of Connors v Tofany,* 37 AD2d 402). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.