THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN A. WOLTER, Appellant.

Fourth Department, November 13, 1981

APPEARANCES OF COUNSEL

*J. Michael Jones* for appellant.

*Theodore E. Wiggins, Jr.,* for respondent.

OPINION OF THE COURT

CALLAHAN, J.

The issue here is whether the results of a blood test which was taken over the defendant's objection while he was under arrest for operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law, § 1192, subd 3) and after grounds for a charge of manslaughter in the second degree (Penal Law, § 125.15, subd 1) had arisen, must, by virtue of the requirements of subdivision 2 of section 1194 of the Vehicle and Traffic Law, be excluded from evidence in a subsequent prosecution for homicide.

These charges arose out of an accident that occurred in the Town of Geneseo, Livingston County, on January 7, 1980 at approximately 7:45 P.M. when a motor vehicle

driven by the defendant crossed over into the opposite lane and collided head-on with another vehicle operated by Judith M. Puderbaugh, resulting in her death. At approximately 8:40 P.M. in the emergency room of Strong Memorial Hospital where defendant had been taken for treatment of injuries he sustained in the accident, Deputy Sheriff Kevin Geer placed defendant under arrest for driving while intoxicated and failure to keep right. The Deputy advised the fully conscious defendant of his rights under the implied consent law (Vehicle and Traffic Law, § 1194, subd 1) and also informed him of his rights pursuant to *Miranda v Arizona* (384 US 436). Defendant refused the Deputy's request to submit to a blood test. Pursuant to advice received from the District Attorney in a telephone conversation, the Sheriff's Deputy directed a resident physician to draw two blood samples from the defendant. This was performed in the Deputy's presence at approximately 9:20 P.M. over some resistance on the part of the defendant. The test revealed that the defendant's blood contained .21% by weight of alcohol.

Defendant was subsequently indicted for manslaughter in the second degree (Penal Law, § 125.15, subd 1), assault in the second degree (Penal Law, § 120.05, subd 4), operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law, § 1192, subd 3), speeding (Vehicle and Traffic Law, § 1180, subd [d]), failure to keep right (Vehicle and Traffic Law, § 1120, subd [a]), inadequate tires (Vehicle and Traffic Law, § 375, subd 35, par [c]), and uninspected vehicle (Vehicle and Traffic Law, § 306, subd [b]). Following a combined suppression and *Huntley* hearing, the court ruled that the results of the blood test taken without the defendant's consent could not be used upon his prosecution for driving while intoxicated, but could be utilized in the manslaughter trial. Based upon this ruling, the court directed a severance and separate trial of the driving while under the influence of alcohol charge and the remaining counts of the indictment. Defendant's motion to suppress an oral statement made by defendant to the investigator at the hospital was denied. Following jury selection, defendant entered a plea of guilty to criminally negligent homicide (Penal Law, § 125.10) in full satisfac-

tion of all counts contained in the indictment, whereupon the court directed that the severed driving while intoxicated charge be dismissed.

Under the provisions of this State's implied consent law, any person who operates a motor vehicle in this State is deemed to have given his consent to a chemical test of his breath, blood, urine or saliva for the purpose of determining the alcoholic or drug content of his blood, provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving in violation of the intoxication sections of the Vehicle and Traffic Law (Vehicle and Traffic Law, § 1194, subd 1). This implied consent is not irrevocable, however, because former subdivision 2 of this section allowed a person to refuse to submit to the chemical test and specifically provided that: "If such person having been placed under arrest * * * and having thereafter been requested to submit to such chemical test, refuses to submit to such chemical test, the test shall not be given". Of course, a person refusing to submit to a police officer's request that he consent to a chemical test faces revocation of his driver's license.

While a warrantless taking of blood from a person under arrest without his consent is undoubtedly constitutional *(Schmerber v California,* 384 US 757; *Breithaupt v Abram,* 352 US 432; *People v Kates,* 77 AD2d 417, affd 53 NY2d 591), it is not permissible to utilize the results of such a blood test in a trial where a statute plainly indicates it shall not be taken if the subject refuses to consent (see *People v Daniel,* 84 AD2d 916 [decided herewith]; see, also, *People v Kates, supra; State v Berry,* __ NH __, 428 A2d 1250). It is undisputed that the defendant was under arrest for driving while intoxicated, had been advised of his rights under section 1194 of the Vehicle and Traffic Law, and had unequivocally refused to submit to a chemical test of his blood. It is equally undisputed that blood was extracted without defendant's consent and against his will. Under such circumstances, the court correctly ruled that the results of such blood test could not be used on the prosecution of defendant for driving while intoxicated *(People v Daniel, supra).* The court, however, erroneously

held that the results of the blood test taken without defendant's consent and while he was under arrest for driving while intoxicated could be used on defendant's trial for manslaughter and assault charges arising out of the fatal automobile accident. The blood test results derived under the circumstances presented in this record are prohibited pursuant to the mandates of section 1194 of the Vehicle and Traffic Law which provides the exclusive method by which police may direct the extraction of blood from a motorist *(People v Daniel, supra)*, and as such, are not competent evidence *(People v Brol,* 81 AD2d 739). Exclusion of the blood test results taken in violation of the implied consent statute does not preclude the District Attorney from establishing that the defendant was intoxicated by other competent evidence.

In our view, the People satisfactorily met their burden of establishing that defendant voluntarily waived his right to remain silent. The evidence adequately supports the conclusion that defendant was cognizant of his rights and exercised them competently while at the hospital scene. Inasmuch as the court, however, erroneously ruled that the blood test was competent evidence to be used at the trial, we must reverse the judgment of conviction, vacate the plea and reinstate the driving while intoxicated charge dismissed upon acceptance of the plea. This matter is remitted to Livingston County for further proceedings on the original indictment.

SIMONS, J. P., HANCOCK, JR., DOERR and DENMAN, JJ., concur.

Judgment unanimously reversed, on the law, plea vacated, motion to suppress results of blood test granted, and matter remitted to Livingston County Court for further proceedings on the original indictment.