■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL DANIEL, Respondent. — Order unanimously affirmed. Memorandum: Defendant stands charged in a three-count indictment with criminally negligent homicide and violations of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law. The charges arose from a motor vehicle accident which occurred on October 20, 1979 at about 4:00 A.M. at the intersection of George Urban Boulevard and Dick Road in the Town of Cheektowaga, resulting in the death of a passenger in a car which was struck by a van operated by defendant. Defendant was taken from the scene to Millard Fillmore Suburban Hospital. Approximately one hour after the accident a Village of Depew police officer went to the hospital and, without first arresting defendant, he directed a nurse to take a sample of defendant's blood. The police officer testified that he had no conversation with defendant but stated that defendant was conversing with others. The blood sample was taken by the nurse and, upon analysis, showed .22% of alcohol content. Defendant was not arrested until after the indictment was returned. No claim is made by the People that defendant consented to the taking of the blood sample. Although the People acknowledge that the police did not follow the procedure prescribed by section 1194 of the Vehicle and Traffic Law, we are urged to hold that the section should be interpreted to require, as a condition of the taking of the blood sample, only that there be probable cause for arrest rather than an actual arrest. This we decline to do. Relying upon *Breithaupt v Abram* (352 US 432), *Schmerber v California* (384 US 757) and *Cupp v Murphy* (412 US 291), we are further urged by the People that since the constitutional rights of the defendant were not violated by the extraction of his blood, the test results should be admissible. The suppression court adopted the constitutional analysis but distinguished *Cupp v Murphy (supra)* and ordered the evidence suppressed. The People appeal from that order. Although we agree that the evidence must be suppressed, the issue, in our view, is not whether defendant's constitutional rights were violated, but whether section 1194 provides the exclusive method by which police may direct the extraction of blood from a motorist. We conclude that it does. Present section 1194 has its origin in chapter 854 of the Laws of 1953 (adding section 71-a to the Vehicle and Traffic Law). To meet perceived constitutional objections, the law was predicated upon an implied consent theory, conditioned upon a prior arrest. Despite ample opportunity in succeeding years to premise a statutory change on the succession of Supreme Court cases here relied upon

by the People, there has never been any legislative indication that an alternative method is permissible. The 1953 statute conferred upon the motorist certain rights, the most important of which was the right to refuse to take the test. That statutory right is in excess of the motorist's constitutional rights *(Schmerber v California, supra)*. While the statutory right of refusal predates *Schmerber,* it has been perpetuated in repeated statutory amendments, since *Schmerber.* The legislative history of continuing and constant adherence to the concepts of consent and arrest negates the theory that the police have a paramount common-law right, limited only by the Constitution, to direct the taking of such blood samples (cf. *State v Berry,* ___ NH ___, 428 A2d 1250). The essential purpose of the right of refusal is to protect motorists and police from the use of excessive force. If blood samples may be taken independently of the statute, the right of refusal will be lost. Moreover, to ignore the clear mandate of section 1194 in favor of a constitutional analysis could impermissibly result in nullification of a number of provisions of section 1194 (see *People v Kates,* 53 NY2d 519; *Matter of Albano v Kirby,* 36 NY2d 526, 530). We also conclude from the plain and unambiguous language of subdivision 1 of section 1195 that blood test results are admissible on a charge of criminally negligent homicide, provided that competence is established. Where the blood sample is extracted without a prior arrest, however, the results of the test are not competent evidence *(People v Brol,* 81 AD2d 739, 740). (Appeal from order of Erie County Court, McCarthy, J. — suppression.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.