█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARLENE F. CURRAN, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered February 17, 1982, convicting defendant upon her plea of guilty of two counts of the crime of criminally negligent homicide. Defendant was operating her car on a snowy evening in December of 1980 when it crossed over the center line and collided head-on with another car containing six persons. Two of the passengers in the other car were killed while the driver and the remaining three passengers sustained various injuries. Defendant, a 37-year-old woman, also suffered serious injuries which rendered her unconscious following the accident and ultimately required an extended period of hospitalization. A blood test taken shortly after the accident from defendant while she lay unconscious in the hospital revealed that defendant's blood contained .23 of one per centum by weight of alcohol. This accident resulted in defendant being indicted on two counts of manslaughter in the second degree (Penal Law, § 125.15) and one count of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law, § 1192, subd 2). Following the denial by the trial court of defendant's motion to suppress the results of the blood test, defendant pleaded guilty to two counts of criminally negligent homicide in full satisfaction of the indictment. She received concurrent one- to three-year sentences of imprisonment on each count. This appeal by defendant ensued wherein she argues that the trial court

(1) incorrectly denied her suppression motion, and (2) imposed a harsh and excessive sentence. We need not reach defendant's contentions regarding her sentence since it is our view that the judgment of conviction must be reversed. The trial court found that a State trooper, after talking with the driver of the other vehicle involved in the accident and after smelling alcohol emitting from defendant while she was in the hospital, arrested defendant prior to authorizing hospital personnel to perform the blood alcohol test. The trial court then relied on the statutory presumption wherein drivers operating vehicles within the State are deemed to have consented to blood tests (Vehicle and Traffic Law, § 1194, subd 1) as the basis for denying defendant's motion to suppress the test results, notwithstanding that defendant was unconscious and therefore could not refuse to submit to the test (see Vehicle and Traffic Law, § 1194, subd 2). Contrary to defendant's position on this appeal, the trial court correctly assumed that an unconscious person can be placed under arrest (*People v McGroder,* 81 Misc 2d 1081; cf. *People v Kates,* 53 NY2d 591). Once a driver of a motor vehicle is arrested, the authorization for administration of chemical blood tests under the provisions of subdivision 1 of section 1194 of the Vehicle and Traffic Law is activated (see *People v Moselle,* 57 NY2d 97, 107) and is not defeated by the driver's inability to refuse the test due to unconsciousness or any other incapacity (*People v Kates,* 53 NY2d 591, *supra*). However, as recently pointed out by the Court of Appeals in *People v Moselle* (57 NY2d 97, *supra*), the provisions relating to administration of chemical blood tests found in subdivision 1 of section 1194 of the Vehicle and Traffic Law apply only to prosecutions for violations of the Vehicle and Traffic Law and have no application to charges brought under sections of the Penal Law (*id.,* at p 108). Blood tests results may only be used in prosecutions under the Penal Law when the blood samples are taken with the defendant's consent or pursuant to an authorizing court order (*id.,* at p 101). Thus, since there is no contention in the instant case that defendant affirmatively consented to the administration of the blood test or that it was taken pursuant to court order, the test results could not be used against her on the two Penal Law charges of second degree manslaughter. The trial court was in error when it denied the motion to suppress in its entirety and the blood test results should only have been ruled admissible in the prosecution arising out of the Vehicle and Traffic Law violation. Accordingly, the judgment of conviction must be reversed and defendant's plea of guilty to two counts of criminally negligent homicide vacated. Judgment reversed, on the law, guilty plea vacated, and matter remitted to the County Court of Otsego County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.