■ In the Matter of JEFFREY J. SMITH, Petitioner, v COMMISSIONER OF MOTOR VEHICLES, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's driver's license. ¶ Petitioner contends that the arresting officer lacked probable cause to stop the vehicle which he was operating on the evening of February 1, 1981 and that the police thereafter failed to comply with the requirements of section 1194 of the Vehicle and Traffic Law applicable to chemical tests. He further contends that he was prejudiced by the delay in respondent's administrative review of the initial order of revocation. The primary question to be decided in this proceeding is whether there is substantial evidence to support the determination under review. ¶ There are, of course, two conflicting versions of what occurred on the evening in question. A local police officer employed by the Village of Nassau in Rensselaer County testified that he observed petitioner operating his pickup truck in an erratic manner around a corner and down a village street and that, after following the vehicle a reasonable distance, he stopped petitioner. During the ensuing conversation, he detected the odor of alcohol, bloodshot eyes and slurred speech. He thereupon arrested petitioner for driving a motor vehicle while intoxicated, read him his statutory rights relating to chemical tests and warned him as to the consequences of a refusal to submit to such a test. The officer also administered an alco-sensor test which indicated that petitioner recently had consumed alcohol. Petitioner also admitted that he had a "couple of drinks". After his arrest, petitioner refused to accompany the officer, but instead surrendered the keys to his truck to him and left the scene on foot, announcing that he could be found at a local bar. The officer ultimately returned to his station and prepared an arrest report describing the incident. His superior officer later submitted a "report of refusal" to take a test to the Department of Motor Vehicles, which triggered a hearing that resulted in revocation of petitioner's driver's license (Vehicle and Traffic Law, § 1194, subd 2). This revocation was subsequently stayed pending determination of the

instant proceeding. ¶ Petitioner, on the other hand, denies that he was ever arrested or that he had more than a "couple of drinks". It is his position that the arresting officer was seeking him out because of personal animosity and that he left his truck with the officer because of the icy road conditions. Petitioner states that he had no reason to believe he was in difficulty with the authorities until later that evening, which led him to turn himself in the next morning. ¶ Respondent's determination should be confirmed. The arresting officer acquired probable cause to believe that petitioner had violated the provisions of section 1192 of the Vehicle and Traffic Law from his personal observation of petitioner's conduct and appearance, as well as from the result of the alco-sensor test (*Matter of Blizinski v Melton,* 86 AD2d 701; *Matter of Perry v Department of Motor Vehicles,* 61 AD2d 1088). We find no merit in petitioner's claim of prejudice because of delay in the determination of the administrative appeal, particularly in view of the fact that, pursuant to two stays of the revocation obtained by petitioner, he has not yet been deprived of the privilege of operating a motor vehicle to any extent. Moreover, no demand for a prompt determination was ever made by petitioner (15 NYCRR 126.5). Finally, we reject the argument that the fact that the "report of refusal" was made by the chief of police rather than the arresting officer somehow affects the validity of the determination made by respondent. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.