■ In the Matter of JAMES J. VIGER, Petitioner, v JOHN A. PASSIDOMO, as Commissioner of Motor Vehicles for the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Rensselaer County) to review a determination of the Commissioner of the Department of Motor Vehicles which revoked petitioner's license to operate a motor vehicle. ¶ After a license revocation hearing was held, the hearing officer found that the police officers had reasonable cause both to stop petitioner and to arrest him for driving while intoxicated and that, after having been given appropriate DWI warnings, petitioner refused to submit to the chemical test within the meaning of subdivision 2 of section 1194 of the Vehicle and Traffic Law. A review of the record reveals that this factual determination, which was affirmed by respondent, is supported by substantial evidence. ¶ We have examined petitioner's contention with respect to laches and find it to be without merit (see *Matter of Geary v Commissioner of Motor Vehicles,* 92 AD2d 38, affd 59 NY2d 950). The determination should, therefore, be confirmed. ¶ Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main and Levine, JJ., concur.

Weiss and Mikoll, JJ., dissent and vote to annul in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent. Petitioner was involved in a traffic incident in which he sounded his horn at an unmarked police car which had traveled through a red light at an intersection without operating either its emergency flashers or siren. The police car then stopped and defendant was charged with disorderly conduct (Penal Law, § 240.20, subd 2), following too closely (Vehicle and Traffic Law, § 1129, subd [a]) and driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3). ¶ The record is devoid of any substantiation of the disorderly conduct charge or of facts to support the charge of following too closely. Without this underpinning, the police had no justification to stop petitioner's vehicle. The substance of subdivision 2 of section 240.20 of the Penal Law is that the acts charged must be such as are public in character and breach the public peace, or tend so to do (*People v Montgomery,* 17 NYS2d 71, 74). The isolated blowing of one's horn in obvious ire at a car going through a red light is not disorderly conduct. The evidence also disclosed that the police car stopped suddenly in front of petitioner's car in response to his horn blowing. Petitioner was able nonetheless to bring his vehicle to a safe stop behind the police car. The record bears no other evidence to support a finding that petitioner drove so closely behind the police car as to constitute an unreasonably and improvident operation of his vehicle (see *People v Heid,* 50 Misc 2d 409). ¶ The decision to revoke petitioner's license is not based on a mere resolution of credibility between the conflicting testimony of petitioner and the officer. If this were the case, the administrative findings would have to be accepted by the court (*Matter of Perry v Department of Motor*

*Vehicles,* 61 AD2d 1088). However, here the administrative findings are simply not supported by substantial evidence. Of significance is the fact that all the charges against petitioner were dropped in Police Court. Outside of the irritation petitioner caused by blowing his horn, nothing he did gave rise to reasonable grounds to stop and question him. ¶ Having concluded that the initial stop of petitioner was invalid, the police had no cause to demand that he submit to a breathalyzer test. He was merely singled out and stopped because he protested the manner in which the police drove. Under these circumstances, the police stop was unjustified (*People v Singleton,* 41 NY2d 402; *People v Ingle,* 36 NY2d 413). The determination should be annulled.