In the Matter of FREDERICK J. STARK, JR., Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents.

Third Department, December 13, 1984

### APPEARANCES OF COUNSEL

*Connor, Curran & Schram* (*Marlene O. Tuczinski* of counsel), for petitioner.

*Robert Abrams, Attorney-General* (*Peter G. Crary* and *William J. Kogan* of counsel), for respondents.

### OPINION OF THE COURT

WEISS, J.

During the early morning hours of January 27, 1982, Columbia County Deputy Sheriff Vincent Sacco, Sr., observed an approaching vehicle traveling at a speed in excess of 70 miles per hour on Route 82, as verified by radar. Sacco commenced pursuit with siren and flashing lights activated and eventually

drew within 20 feet of the vehicle. The vehicle eventually reduced its speed to 30 miles per hour, veered onto the shoulder several times, and then straddled a double solid dividing line before turning onto Livingston Road, on which it proceeded approximately 200 feet before turning into a driveway and directly into a garage. Sacco was close behind and observed petitioner stagger from the car and enter the house. The garage door was electronically closed before Sacco could address petitioner. Petitioner's wife admitted Sacco and another deputy sheriff to an inside front hallway. No warrant had been obtained. Sacco requested petitioner's wife to summon her husband and, after approximately one minute, he followed her upstairs to find petitioner lying in his bed. Petitioner, who smelled strongly of alcohol, was then placed under arrest. He refused repeated requests to submit to a chemical breath test for alcohol.

After a February 3, 1982 license revocation hearing, the hearing officer determined that petitioner's license should be revoked after finding that there was reasonable cause to believe petitioner was driving while intoxicated, that exigent circumstances justified the warrantless arrest, and that, despite appropriate warnings, petitioner refused to submit to a chemical test within the meaning of subdivision 2 of section 1194 of the Vehicle and Traffic Law. This determination was upheld by both the administrative appeals board and respondent Commissioner of Motor Vehicles. Petitioner commenced the instant CPLR article 78 proceeding seeking to annul the revocation order.

■ Petitioner has attacked the validity of the warrantless arrest at home by claiming that his Fourth Amendment right against unreasonable searches and seizures was violated. We disagree. As a predicate to license revocation, it must be established, in addition to due warning and refusal, that there were reasonable grounds for the arrest and that the arrest was lawful (Vehicle and Traffic Law, § 1194, subd 3, par a; *Kowanes v State of New York Dept. of Motor Vehicles,* 54 AD2d 611, 612). The record confirms that the deputies had probable cause to believe that petitioner was driving while intoxicated in violation of section 1192 of the Vehicle and Traffic Law (*People v Brockum,* 88 AD2d 697; *People v Abramowitz,* 58 AD2d 921, 922). The deputy sheriff's description of petitioner's erratic driving and staggering from the vehicle provided ample basis for this determination. The issue thus distills to whether the circumstances justified the warrantless arrest.

It is now well established that warrantless arrests in the home are prohibited by the Fourth Amendment absent a showing of

probable cause and exigent circumstances (*Payton v New York,* 445 US 573). The scope of the exigent circumstances exception justifying a warrantless home arrest has recently been reviewed by the United States Supreme Court in factual circumstances strikingly similar to the instant case. In *Welsh v Wisconsin* (466 US __, 104 S Ct 2091), a driver abandoned his car after swerving off the road. The police who arrived shortly thereafter were informed by a witness that the driver of the abandoned vehicle was either inebriated or very sick. Without obtaining a warrant, the police proceeded directly to the driver's nearby home, where they were admitted by his stepdaughter. They proceeded upstairs to the driver's bedroom and found him lying in bed. The driver was arrested and, because he refused to submit to a breathalyzer test, his driver's license was revoked under Wisconsin law. The Supreme Court concluded that the arrest was unlawful since it was not compelled by exigent circumstances. The court emphasized that the gravity of the underlying offense was an important factor in determining whether any exigency existed (*supra,* p __, p 2098). Since Wisconsin elected to classify the first offense for driving while intoxicated as a noncriminal, civil forfeiture offense for which no imprisonment was possible, no exigency was presented. This held true, notwithstanding the fact that evidence of the driver's blood alcohol level might have dissipated while the police endeavored to obtain a warrant.

The instant case is readily distinguishable from *Welsh* in which the Supreme Court noted that the penalty imposed by a State for a particular offense was "the best indication of the state's interest in precipitating an arrest" (*supra,* p __, p 2100). New York classifies a first offense for driving while intoxicated as a misdemeanor, punishable by imprisonment for not more than one year and/or a fine of not less than $350 nor more than $500 (Vehicle and Traffic Law, § 1192, subd 5). This classification is reflective of the State's profound and grave concern to remove the incapacitated driver from the State's highways (see L 1981, ch 910, § 1). By invalidating the arrest in *Welsh,* the Supreme Court did not intend to suggest that deterrence of drunk driving was not a matter of major concern to the States (*Welsh v Wisconsin, supra,* p __, n 14, p 2100, n 14). Indeed, the Supreme Court has clearly recognized the compelling State interest in highway safety (*supra,* p __, pp 2100-2101 [Blackmun, J., concurring]; *South Dakota v Neville,* 459 US 553, 558-559). Given this State's strong interest in protecting the public and in preventing the tragic consequences of drunk driving, we conclude that a warrantless home arrest of an intoxicated driver may be made where exigent circumstances exist.

Here, the arrest was justified as a continuation of the uninterrupted pursuit of petitioner and a measure designed to prevent the destruction of evidence by timely ascertaining petitioner's blood alcohol level (see *Welsh v Wisconsin, supra,* p __, pp 2099-2100; *United States v Santana,* 427 US 38, 42-43; *Schmerber v California,* 384 US 757). To ensure an accurate measurement, the chemical test for intoxication must be administered within two hours after the driver has been arrested (Vehicle and Traffic Law, § 1194, subd 1, par [1]; see *Schmerber v California, supra,* p 770). This fact, coupled with the possibility that a suspect could consume additional alcohol upon arriving at his home, makes immediate action by an arresting officer imperative. We also note that the deputies in the instant case gained peaceful entry into petitioner's home (see *United States v Martinez-Gonzalez,* 686 F2d 93, 100). Considering all these factors, we conclude that the arrest was lawful and that the determination to revoke petitioner's license is supported by substantial evidence in the record.

We have examined petitioner's remaining contentions and find them unavailing. Even assuming, *arguendo,* that petitioner has standing to challenge the eligibility requirements for participation in an alcohol and drug rehabilitation program (see 15 NYCRR part 134), we perceive no violation of petitioner's right to equal protection from the fact that these programs are limited to individuals convicted of a violation of section 1192 of the Vehicle and Traffic Law. The criminal charges against petitioner were dismissed, and thus it would be irrational to place an individual who has neither failed a chemical test nor been convicted of driving while intoxicated in a program to rehabilitate intoxicated drivers. We note that petitioner could have requested respondent Commissioner to direct that his license be restored six months after the revocation (Vehicle and Traffic Law, § 510, subd 2, par e, as relettered by L 1983, ch 892, § 1). Finally, petitioner's contention with respect to laches is without merit (see *Matter of Geary v Commissioner of Motor Vehicles,* 92 AD2d 38, affd 59 NY2d 950; *Matter of Viger v Passidomo,* 103 AD2d 993).

MAHONEY, P. J. (dissenting). In order to sustain the revocation of petitioner's license, it must be established that the arrest was lawful (Vehicle and Traffic Law, § 1194, subd 3, par a; *Kowanes v State of New York Dept. of Motor Vehicles,* 54 AD2d 611, 612). In my view, the arrest was unlawful and, therefore, respondents' determination must be set aside.

Warrantless felony arrests in the home are prohibited by the Fourth Amendment absent probable cause and exigent circum-

stances (*Payton v New York*, 445 US 573). This rule has recently been extended to nonfelonies (*Welsh v Wisconsin*, 466 US __, 104 S Ct 2091) In *Welsh v Wisconsin* (*supra*), the Supreme Court held that, since the State of Wisconsin classifies a first offense for driving while intoxicated as a noncriminal, civil forfeiture offense for which no imprisonment is possible, a warrantless home arrest could not be justified regardless of exigent circumstances (*supra*, p __, p 2100). Since New York has classified a first offense for driving while intoxicated as a misdemeanor punishable by imprisonment as well as a fine, the direct holding of *Welsh* is inapplicable and I agree with the majority that a warrantless home arrest would be allowable where probable cause and exigent circumstances exist. However, upon my review of the record, exigent circumstances were not established.

In determining whether exigent circumstances exist, it must be kept in mind that warrantless home arrests are presumptively unreasonable and the police bear a heavy burden in attempting to demonstrate an urgent need that might justify a warrantless arrest (*Welsh v Wisconsin, supra,* p __, pp 2097-2098). Whether exigent circumstances exist depends upon the facts and circumstances of the particular situation. The majority here finds exigent circumstances based upon the uninterrupted pursuit of petitioner and the need to make a timely test of his blood alcohol level. Since these concerns are present in virtually all cases of suspected driving while intoxicated, the majority is, for all practical purposes, setting forth a blanket rule that, where police have probable cause to arrest an individual for driving while intoxicated, exigent circumstances automatically exist justifying a warrantless arrest in the individual's home. Such a blanket rule does not do justice to the underlying rationale of Supreme Court decisions in *Payton v New York* (*supra*) and *Welsh v Wisconsin* (*supra*). Rather, the finding of exigent circumstances must be based on the facts of each case.

The majority notes that, to ensure an accurate measurement, the chemical test for intoxication must be administered within two hours after the driver has been arrested (Vehicle and Traffic Law, § 1194, subd 1, par [1]). However, there is absolutely no evidence in the record that an arrest warrant could not have been obtained promptly so that petitioner could have been tested within the proper time period. Relevant to this issue is section 1194-a of the Vehicle and Traffic Law dealing with compulsory chemical tests for intoxication in certain situations where a driver refuses to submit to a test. Such compulsory chemical tests are upon court order and provision is made for expediting the process to ensure that the test will be reliable. Similarly, it

cannot be said that simply because a chemical test must be conducted within two hours of arrest, it is automatically impossible in all cases to obtain an arrest warrant in time to ensure a reliable test. Additionally, since there were two police officers involved in the case, presumably one could have remained to ensure that petitioner did not leave his residence* while the other obtained a warrant. Thus, this is not a case where a delay in obtaining a warrant could result in the escape of the suspect.

In conclusion, I agree that exigent circumstances justifying a warrantless home arrest for driving while intoxicated may exist in an appropriate case. However, the finding of exigent circumstances must be based on specific factual assertions and not on a *de facto* blanket rule that exigent circumstances are always present following a vehicular chase such that a warrantless arrest is justified in contravention of the Fourth Amendment.

In the instant case, the record is devoid of specific evidence of exigent circumstances warranting departure from the general rule that the determination of probable cause to arrest an individual in his home be made by a neutral and detached magistrate.

CASEY, LEVINE and HARVEY, JJ., concur with WEISS, J.; MAHONEY, P. J., dissents and votes to reverse in an opinion.

Determination confirmed, and petition dismissed, without costs.

---

* Since probable cause that petitioner had been driving while intoxicated existed, he could have been arrested without a warrant if he left his residence (see *United States v Watson,* 423 US 411).