OPINION OF THE COURT
John R. Tenney, J.
The petitioner, Robert Obrist, arrived home to find two police officers waiting for him with a warrant for his arrest for obstructing governmental administration. He drove his car into the driveway of his home. At that time, the police presented him with the warrant, placed him under arrest and took him into custody. While in the car on the way to jail, he was asked to submit to a chemical alcohol test. The police officer testified that upon his refusal, he was arrested again *500 but now for driving while intoxicated. After having been read the chemical test warning, the policeman stated, "You are under arrest for driving while intoxicated. A refusal to take the test will result in the immediate suspension and subsequent revocation of your license”.
The circumstances of the arrest under the warrant are interesting. The police officer, William Jones, testified that he was parked to the right of the driveway. Mr. Obrist stated that he drove past the driveway and backed into it after indicating that the police should get oiit of the way suggesting they were obstructing his driving. As soon as he backed into the driveway, the police car pulled across it and blocked it.
At the time of the arrest under the warrant, there was no evidence that he was intoxicated. He did not stagger. His words were not slurred at the time he was taken into custody. At best, there was an odor of beer on his breath, and his face was slightly flushed.
Petitioner argues that there was no probable cause for making the arrest for driving while intoxicated and that the charge was improperly made while he was already under arrest. The Administrative Law Judge refused to dismiss the charge and was affirmed by the Administrative Appeals Board. The findings of the Law Judge were that the petitioner was arrested for driving while intoxicated which is clearly not supported by the evidence. The petitioner was arrested on an unrelated warrant and taken into custody. While in custody and already under arrest, he was asked to take a test and then charged with driving while intoxicated because of his refusal to take the test. This is clearly contrary to the procedure set forth under Vehicle and Traffic Law § 1194.
A reading of the cases indicates that there must be sufficient evidence before the policeman at the time of the arrest that there are reasonable grounds for making the arrest. (See, People v Curran, 90 AD2d 661; People v Daniel, 84 AD2d 916, affd 57 NY2d 97; Kowanes v State of New York Dept. of Motor Vehicles, 54 AD2d 611.) This was the argument made by the petitioner in the police car when the police attempted to get him to take the chemical test. He contended that he was under arrest, and there was no reasonable basis for charging him with intoxication and to rearrest him on that ground when he was already in custody. A person can be charged with many crimes but when he is arrested, he remains under arrest until released. The prerequisite that the arrest must be *501 based upon probable cause of driving while intoxicated has not been met in this case. The Administrative Law Judge also found at the time of the arrest that petitioner was loud and abusive, which is not supported by the evidence. In fact, there is no evidence that he said anything at the time of his arrest. The only evidence in the record placed there by the police officer was that after he was arrested and in the car in custody for several minutes, he became loud, and the charge was then made against him.
The petitioner contends that the motivation for the driving while intoxicated charge was anger and frustration on the part of the police officers because of something which occurred on a prior occasion. The court holds that this matter need not be referred to the Appellate Division because although the weight of the evidence is involved, it may properly be determined by this court as a matter of law since there is no evidence to support the findings as is observed herein.
The general rule is that there must be probable cause at the time of the arrest. That is, the arresting officer must have "reasonable grounds” for believing that the suspect is or has been under the influence of liquor while operating his vehicle. (Matter of Cushman v Tofany, 36 AD2d 1000; Kowanes v State of New York Dept. of Motor Vehicles, supra; People v Daniel, supra.) There was no evidence offered which could establish "reasonable grounds” sufficient to sustain an arrest. The arrest was on other grounds unrelated to a violation under this statute. It is not proper execution of the statutory requirements to make the arrest when the signs of intoxication are not present and then, at some later time, decide to request the chemical test.
This is not a case of placing form over substance but rather an insistence that the statutory requirements of this quasi-criminal statute be strictly met. (Matter of Murray v Tofany, 33 AD2d 1080.) Vehicle and Traffic Law § 1194 states in part at paragraph (1) of subdivision (1):
"a police officer:
"(1) having reasonable grounds to believe such person to have been operating in violation of any subdivision of section eleven hundred ninety-two and within two hours after such person has been placed under arrest for any such violation” (emphasis supplied).
The petitioner’s application is granted.