*985 OPINION OF THE COURT
Anthony R Corso, J.
The defendant is charged with, inter alia, driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). On April 12, 1990 this court held a hearing to determine if certain observations of the arresting police officers should be suppressed. In a decision dated May 7,1990, the motion to suppress was denied on the ground that the defendant had failed to establish that he had a reasonable expectation of privacy in the premises which was searched. Thereafter, the defendant moved to reargue, and in a decision dated August 23, 1990 the motion was granted and the suppression hearing was reopened so as to permit a full investigation of the defendant’s proprietary interest in the garage/apartment. Said hearing was held on September 28, 1990. Based upon the evidence and testimony presented at the hearing it is clear to the court that the defendant was renting the space as his residence. Therefore, he had the necessary proprietary interest in the property so as to justify a reasonable expectation of privacy. Hence, he has standing to challenge the conduct of the police, and the court will address the merits of the motion to suppress.
At the April 12 hearing the arresting officer testified that at approximately 3:00 a.m. on June 27, 1988 the defendant failed to stop at a stop sign, and thereby nearly hit the officer’s car. The defendant then disregarded the officer’s command to stop, and fled the scene. The officer pursued the defendant and when they arrived at the garage/apartment at 21 Marshall Dr., Selden, the defendant again ignored the officer’s calls and . entered the building. The officer called for backup, and after the backup arrived they entered the premises and observed the defendant on the floor, and in an apparently intoxicated state. The defendant was thereafter arrested and charged with violation of Vehicle and Traffic Law § 1192 and traffic offenses.
It is now well settled that warrantless arrests in the home are prohibited by the Fourth Amendment, absent probable cause to arrest and exigent circumstances (Payton v New York, 445 US 573). Case law suggests that there are a number of factors which may be used to determine if exigent circumstances are present. These include (1) the gravity of the offense with which the suspect is to be charged, (2) whether the suspect is reasonably believed to be armed, (3) a clear showing of probable cause, (4) strong reason to believe that the suspect is in the premises, (5) a likelihood that the suspect *986 will escape, and (6) the peaceful circumstance of the entry (United States v Martinez-Gonzalez, 686 F2d 93). Moreover, the absence or presence of any one factor is not determinative. Rather, the determination turns on whether there was an "urgent need” for the warrantless entry (Dorman v United States, 435 F2d 385, 391).
The People contend that when the facts of this case are applied to the above criteria, a finding of exigent circumstances is mandated. In support of this position the People rely on Matter of Stark v New York State Dept. of Motor Vehicles (104 AD2d 194, affd 65 NY2d 720). In that case the arresting officer observed the suspect veering onto the shoulder of the road several times and then straddling a double yellow line. After a pursuit the officer observed the suspect stagger from the car and enter a house. Thereafter, the officer entered the house without a warrant and arrested the defendant. The court held that the observations of the police officer with respect to the defendant’s driving and his difficulty in walking established probable cause to arrest for driving while intoxicated. The court further found that exigent circumstances existed in that the crime of driving while intoxicated is considered to be a serious offense in this State; that the pursuit was uninterrupted; that the intrusion was designed to prevent the destruction of evidence by making a timely record of the defendant’s blood alcohol level; and that the police officers gained peaceful entry into the home. However, in the court’s opinion the holding of Stark is inapplicable in the case sub judice. In this regard the court notes that the testimony at the hearing reveals that the only indicia of the defendant’s intoxication which the police observed prior to the entry into the garage/apartment was that the defendant failed to stop at a stop sign; that an accident almost ensued; and that the defendant fled and failed to yield to the officers. There was no testimony to establish that the defendant was weaving; that he straddled a lane; or that he staggered upon exiting his vehicle. In the court’s opinion the defendant’s conduct, while certainly sufficient to permit the police to arrest him for traffic violations, did not afford the police probable cause to arrest for driving while intoxicated. Hence, the analysis of whether exigent circumstances existed must be based not upon the serious offense of driving while intoxicated, but rather on the relatively minor traffic infractions involved. When judged in this light the court is constrained to conclude that exigent circumstances were not present. As noted by the *987 Supreme Court in Welsh v Wisconsin (466 US 740, 750), "When the government’s interest is only to arrest for a minor offense, that presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate.”
The court further held: "application of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense * * * has been committed” (supra, at 753).
The court also notes that given the nature of the traffic offenses at issue, there can be no argument that destruction of relevant evidence was imminent, or that there was a real danger that the defendant was armed and/or was about to escape. Finally, the court concludes that the doctrine of "hot pursuit” (see, United States v Santana, 427 US 38) is not applicable herein. In this regard the court notes that the arresting officer interrupted his pursuit of the defendant by calling for backup and waiting for his arrival. More importantly, in each of the cases dealing with this issue the pursuit of the defendant was tied in with the existence of other factors, such as destruction of evidence, which when taken together justified the conclusion that exigent circumstances existed (see, United States v Santana, supra; Matter of Stark v New York State Dept. of Motor Vehicles, supra). As noted above, no such other factors exist in this case.
Accordingly, the motion to suppress the officer’s observations within the defendant’s home is granted. The trial is now scheduled for January 25,1991.