Frank X. Altimari, J.
At a “ Huntley hearing ” this matter was submitted to the court on an agreed statement of facts. The defendant, charged with driving while intoxicated (Vehicle and Traffic Law, § 1192, subd. 2), seeks to suppress results of a performance test and the results of a breathalyzer test administered by the Nassau County police.
On the evening of March 5, 1968, the defendant was observed driving in an erratic manner. The complaining officer, after halting the defendant’s car and making certain observations of the defendant at the scene, with the aid of another police officer, brought the defendant to the Seventh Precinct police station.
At the police station the defendant was requested to answer certain questions and perform certain tests called for by Form 38 of the Nassau County Police Department entitled “ Alcoholic Influence Report.”
No warnings or advice of a constitutional nature as enunciated by Miranda v. Arizona (384 U. S. 436) were given to the defendant prior to the tests or questioning. After giving certain answers' and after performing certain tests, the defendant consented and submitted to a breathalyzer examination.
At the trial the People propose to offer evidence against the defendant of the independent observations of the police, statements by the defendant in answer to their questions, results of the tests performed by the defendant, and breathalyzer readings.
The defendant does not contend that independent observations of the police are within the purview of the Miranda mandate and does not challenge the right of the People to offer such observations in evidence. For the purpose of this hearing, the People concede that the questions put to the defendant and his answers to them as called for by Form 38, are within the purview of Miranda and are not admissible.
The issues presented by the hearing -are as follows. First, are the results of the performance test admissible in evidence? Second, is the breathalyzer test admissible? This court thinks “ yes ” to both questions.
The privilege against self incrimination is not applicable to the type of conduct which is the source of the People’s evidence in the case at bar. “ Compulsion which makes a suspect or *28 accused the source of 1 real or physical evidence ’ does not violate ” the Fifth Amendment. (Schmerber v. California, 384 U. S. 757, 764 [1966].) Bather, as one New Jersey court recently held, the breathalyzer (and for that matter the performance test) “ is a search of the person and therefore subject only to the question of reasonableness.” (New Jersey v. Kenderski, 99 N. J. Super. 224.)
The court held in Schmerber (supra, p. 761): “ the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these ends.” (Emphasis added.)
The case at bar falls squarely within the Schmerber rationale. It is clear, if the withdrawal of blood from a defendant does not constitute a violation of his constitutional rights, walking, turning, picking up coins, etc. cannot possibly offend this court’s sense of justice. Gilbert v. California (388 U. S. 263) dramatically supports the position that not all communications are within the cover of the privilege against self incrimination. “ One’s voice and handwriting are, of course, means of communication. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the cover of the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection.” (Gilbert, supra, pp. 266-267. See, also, United States v. Wade, 388 U. S. 218, 222 [1967].)
Picking up coins, walking a straight line, and turning are certainly communications. They are, however, with as much certainty, not within the purview of the privilege. Simply stated, all communications are not within the shelter of the privilege against self incrimination.
In sum and substance, the import of the Gilbert decision is that the word “ communication ” has in common parlance a broad connotation. It is one which comports with the values that Miranda v. Arizona (348 U. S. 436 [1966]) seeks to protect. Such values, in this instance, are a delicate balance between the State and individual, and the obligation of the government to produce evidence against a man which are the fruits of its own endeavors, while at the same time protecting the right of the community to a safe highway condition.
In any case involving driving while intoxicated, the defendant is not in danger of being convicted solely upon the “ cruel, simple expedient of compelling it from his own mouth ” *29 (Schmerber, supra, p. 763). It is evident that in all prosecutions for intoxicated driving, there must be some corroborative testimony of operation of the vehicle, in addition to testimony with respect to the behavior of the defendant at the scene of the occurrence. As a result, the underlying basis for the privilege against self incrimination is not in danger of being subverted by requiring the defendant to comply with certain performance tests. The “privilege ” to operate a motor vehicle is subject to appropriately reasonable regulation to protect others using the highway. (Matter of Heart v. Fletcher, 184 Misc. 659.)
Once again we are reminded of the difference between jus and lex and of Aristotle’s admonition that when a study of human nature is involved which necessarily deals with the human variable, we should not expect a high degree of precision.
The Form 38 observational tests, coupled with the breathalyzer, are such a reasonable means of securing safety to users of the highway consonant with due process. The observations of the police officers during the performance and breathalyzer tests constitute real and/or physical evidence not within the protection of the privilege against self incrimination. These tests in no way fall within the framework of compelled responses which the Miranda decision seeks to protect. The Form 38 and breathalyzer tests merely require the accused to exhibit himself for observation and ‘ ‘ compelling the accused merely to exhibit his person for observation by a prosecution witness prior to trial involves no compulsion of the accused to give evidence having testimonial .significance. It is compulsion of the accused to exhibit his physical characteristics, not compulsion to disclose any Jcnowledge he might have.” (Wade, supra, p. 222.)
It must be noted that there is a difference between right and law. Bight is the liberty to do or refrain from doing anything. Law, determines and binds. It therefore follows that, on occasion, right and law are inconsistent.
In a lawful society, man willingly, when others are likewise willing, lays down his rights to all things and acclimates himself to so much liberty or right as he would allow other men. If it be otherwise, the result would be disastrous.
The privilege against self incrimination is, without contest, a right — a right as total and complete as a lawful society can reasonably tolerate.
Accordingly, the People’s evidence is admissible, and defendant’s motion should be denied as it applies to physical observations of the accused including the breathalyzer results herein.