Bernard Tomson, J.
The defendant brings on two motions for consideration. First, he moves to suppress the results of a breathalyzer and/or chemical test administered to the defendant by the Nassau County Police Department, and, second, to suppress testimony concerning the results of any and all performance tests administered by the Nassau County Police Department. The defendant herein has been charged with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, alleging that on August 17, 1968 he operated a motor vehicle while in an intoxicated condition. The basis for the defendant’s motion to suppress the results of the breathalyzer and performance test is that the police failed to advise him of his Miranda rights (Miranda v. Arizona, 384 U. S. 436).
Although not raised in the defendant’s argument, a recent case of the New York Court of Appeals mandates a review of this aspect of defendant’s motions in a somewhat different light than the performance tests. People v. Gursey was handed down by the court on June 5, 1968, reported at 22 N Y 2d 224. This case held that, since the defendant charged with driving while intoxicated had the right either to take the drunkometer test or refuse and forfeit his license, he was entitled, when he requested it, to the advice of counsel before making the election,[1] where the communication with the attorney would involve no significant or obstructive delay. The case involved a situation where the defendant initially objected to taking the test and finally took the test after he had been prevented from telephoning his attorney for legal advice concerning the test. Judge Breitel in his opinion does not allude to Miranda v. Arizona but rather decides it on the basis of Escobedo v. Illinois (378 U. S. 478, 486) and People v. Donovan (13 N Y 2d 148, 153). The court emphasized that (pp. 227-228): “As a matter of *834 fairness, government ought not compel individuals to make binding decisions concerning their legal rights in the enforced absence of counsel.”
The defendant Grursey was deprived forcibly of his access to counsel in making the important election afforded him under subdivision 1 of section 1194 of the Vehicle and Traffic Law, to wit: to refuse or submit to the chemical test and forfeit his license. It should be noted that the Escobedo (supra) and Donovan (supra) cases were decided on the basis of a Sixth Amendment right, the right to counsel, and therefore the determination in People v. Gursey is also based on the Sixth Amendment, the right to counsel. The questions raised in the case at bar and the Gursey case (supra) do not involve a Fifth Amendment right against self incrimination on which the principle of Miranda applies. No issue is presented here on the question of self incrimination (People v. Gursey, supra, and Schmerber v. California, 384 U. S. 757). Although the effect of Gursey must be considered in the case at bar, it is not controlling since the defendant here did not request the aid of counsel, as did Mr. Grursey.
Recently-the Supreme Court of New Jersey had the question of the application of Miranda to drunk driving cases submitted to it, in State v. Kenderski (99 N. J. Super. 224, supra) but failed to decide on that issue.
The court there considered the defendant’s argument that breathalyzer evidence was subject to the Miranda rule. They decided that it was not, stating (pp. 228-229): “Miranda is bottomed on the privilege against self-incrimination and bars the use of communications by or testimonial utterances of a person unless or until the four-fold warning has been given and applied. A breatholizer test is unrelated to a communication by the subject. Rather, it is a search of the person and therefore subject only to the question of reasonableness. ”
That court, on the question of the right to counsel before making an election of whether to take the breathalyzer or refuse, decided that the defendant did not have a right to refuse to submit to the test. They concluded that the prohibition that no chemical test may be taken forcibly and against physical resistance thereto by the defendant did not override the consent to take the test automatically given by anyone who operates a motor vehicle on the public roads in the State of New Jersey. They concluded that the defendant had no legal right to refuse to take the breathalyzer test, since a condition of his driving upon the highway was his consent to taking the said samples.
*835 The County Court of Allegany County has held that Miranda does not apply to any aspect of a violation of the Vehicle and Traffic Law.[2] This court has reviewed the decisions of the Honorable Raymond Wilkes in People v. McLaren (55 Misc 2d 676) which applied the Miranda rule to the performance tests, and People v. Suchocki (57 Misc 2d 26), a decision by the Honorable Frank X. Altimari, in which he held that the Miranda rule would be applied to the interrogation commonly known as Form 38 of a drunken-driving accused but did not apply those rules to the breathalyzer or the performance tests.
As indicated before, the Gursey case, which relied on Escobedo and Donovan (supra), had as its basis the Sixth Amendment right to counsel. Miranda is not based on the Sixth Amendment right to counsel but rather on a defendant’s Fifth Amendment right against self incrimination. To date neither the Court of Appeals of the State of New York nor the United States Supreme Court has applied the rules of Miranda to any other situation except the Fifth Amendment to the United States Constitution.
This court is aware that Judge DeLuca of the Suffolk County District Court in People v. Sweeney (55 Misc 2d 793), when faced with the Gursey problem and without the benefit of the Gursey decision, extended the Miranda rules to the administration of the breathalyzer test. There he used the rationale of Gursey, to wit: the need of counsel in exercising defendant’s options. Judge DeLuca went one step beyond Gursey in requiring the advices (Miranda), not merely access to counsel on request (Escobedo, supra; Donovan, supra).
The propriety of a rule which would afford the advantage of counsel to the drunken-driving suspect who requests such aid before making his election, and denying the same advantage of counsel to the drunken-driving suspect who neglects to request such aid, may be questioned; but any expansion of the Gursey case would best be done by an appellate court. The defendant’s application to suppress the breathalyzer on the basis of the failure to give the Miranda warnings is denied.
The question of the suppression of performance tests does not give rise to the same problems.
This court agrees with the conclusion of Judge Altimari in People v. Suchocki (57 Misc 2d 26, 28) that these performance tests fall squarely within the Schmerber rationale. “ It is clear, if the withdrawal of blood from a defendant does not constitute *836 a violation of his constitutional rights, walking, turning, picking up coins, etc., cannot possibly offend this court’s sense of justice.”
Although the performance tests may be “ communications ”, they are not ‘ ‘ testimonial communications ” which fall within the protection of Miranda.

. The logic of this conclusion, that the -defendant has a right to refuse to take the test and forfeit his license, is seriously Undermined in a well-reasoned decision of the New Jersey Superior Court, decided January 29, 1968 (State V. Kenders, 99 N. J. Super. 224). The New Jersey statute is similar to ours in that no test will be administered forcibly.

. People v. Bliss (53 Misc 2d 472).