Scileppi, J.
In each of these five appeals, the defendants have been charged with possession of heroin and arresting officers have testified that glassine envelopes containing narcotics were dropped on the ground as the defendants were approached by the police. We have been called upon to decide whether, in these “ dropsy ” cases, or for that matter whenever a warrantless search is presented, it is the People who must bear the burden of proving the legality of the search and seizure. Before reaching the question presented, it is at this juncture appropriate to refer to the particular facts of each case.
In People v. Berrios, an undercover police officer, seated in an unmarked automobile, observed the defendant and another individual walking past the vehicle. As the officer was leaving his car, the defendant dropped a glassine envelope to the street. He was arrested and, following an unsuccessful motion to suppress, tried in Criminal Court, Bronx County. At the trial the defendant and another man testified that the officer had searched them. This testimony was rejected and defendant was found guilty. He appeals to this court from an affirmance of his conviction by the Appellate Term.
In People v. Brown, a plain-clothes patrolman testified at a hearing held on defendant’s motion to suppress that he had observed the defendant and several others talking near a park . fence. He left his police car and, as he approached the defendant, noticed him open his hand and drop two glassine envelopes. The officer was the only witness and the Criminal Court suppressed the envelopes. Defendant appeals to our court from a reversal of that decision by the Appellate Term.
In People v. Bryant, two undercover policemen were watching the defendant from a parked automobile. They left their vehicle, *366 and as they approached the defendant, 20 glassine envelopes were dropped to the ground. Unlike the other appeals considered herein, neither motion to suppress nor objection to the admissibility of the envelopes appears in the record; defendant appeals from an affirmance of his judgment of conviction.
In People v. Ortiz, two policemen in a radio car had been conducting surveillance of a Brooklyn “narcotics location” and observed a group of men, including the defendant, leave the building and walk down the street. The group was instructed to stop and nine glassine envelopes were dropped by the defendant. Defendant’s motion to suppress was granted by the Criminal Court which rejected the arresting officer’s testimony and defendant appeals the reversal of that determination by the Appellate Term.
In People v. Tate, two uniformed officers approached the defendant on a Manhattan street where he had been conversing with a friend. Defendant walked up the steps of a building and dropped packages containing 25 glassine envelopes. The packages were seized and a subsequent search of the defendant, after his arrest in the building, revealed a hypodermic instrument. Defendant was charged with possession of heroin and the instrument and successfully moved to suppress in the Criminal Court. On appeal by the People, the Appellate Term reversed and defendant appeals that determination to this court.
All five defendants have challenged, in this court, the admissibility of the glassine envelopes containing heroin. Simply stated, they have contended that the police testimony in these cases is inherently untrustworthy and the product of fabrication; hence, the argument is advanced that we should require that the People bear the burden of proving admissibility and depart from our present rule which places the burden of showing inadmissibility on the defendant. No argument is proffered that this departure is required by either the State or Federal Constitutions; rather, it is asserted that the change in burden of proof is necessary to alleviate the possibility of perjured police testimony. It is noted by this court that the District Attorney of New York County has joined defense counsel in the Tate case in suggesting the change in burden of proof. This concession does not, however, relieve us from the performance of our judicial function and does not require us to adopt the proposal *367 urged upon us (see People v. Lewis, 26 N Y 2d 547, 550; Sibron v. New York, 392 U. S. 40, 58).
Initially, it is our view that the argument that a change in burden of proof is necessary is not properly in the Bryant case. There, no motion to suppress was made prior to trial and defendant never objected during the trial to the admissibility of the evidence seized. Since this issue has not been preserved for our review (People v. Gates, 24 N Y 2d 666; People v. Friola, 11 N Y 2d 157; cf. Lawn v. United States, 355 17. S. 339, 353-354) and inasmuch as no showing of reversible error has been made, we conclude that the judgment of conviction should be affirmed.
Turning to the four other appeals, we are not persuaded that a change in burden of proof is indicated.
Thus far, we have made it clear that where a defendant challenges the admissibility of physical evidence or makes a motion to suppress, he bears the ultimate burden of proving that the evidence should not be used against him (see, e.g., People v. Baldwin, 25 N Y 2d 66, 70; People v. Whitehurst, 25 N Y 2d 389, 391; People v. Malinsky, 15 N Y 2d 86; see, also, Nardone v. United States, 308 U. S. 338, 341-342). Indeed, the very words employed by the Legislature in fashioning the motion to suppress suggest no other rational conclusion.
Section 813-c of the Code of Criminal Procedure provides that “ [a] person claiming to be aggrieved by an unlawful search and seizure and having reasonable grounds to believe that the property * * * claimed to have been unlawfully obtained may be used as evidence against him * * * may move for the return * * * or * * * suppression of its use as evidence.” (Emphasis supplied; see, also, CPL, §§ 710.40, 710.60, eff. Sept. 1, 1971.) Since such a person makes the claim because he contends that he is aggrieved and requests the court to give redress to an alleged wrong, it is most reasonable to require him to bear the burden of proof of that wrong. The People must, of course, always show that police conduct was reasonable. Thus, though a defendant who challenges the legality of a search and seizure has the burden of proving illegality, the People are nevertheless put to “ the burden of going forward to show the legality of the police conduct in the first instance (People v. Malinsky, 15 N Y 2d 86, 91, n. 2) ” (People v. Whitehurst, 25 N Y 2d 389, 391 [emphasis in origi *368 nal]). These considerations require that the People show that the search was made pursuant to a valid warrant, consent, incident to a lawful arrest or, in cases such as those here, that no search at all occurred because the evidence was dropped by .the defendant in the presence of the police officer.
The several appellants herein and the New York County District Attorney seek a change in these rules of burden of proof. It is argued that the present rule is inadequate to cope with the problem of perjured testimony and recommended that the People should bear the burden of proof. We have been told that with the advent of Mapp v. Ohio (367 U. S. 643) there has been a great incidence of ‘ dropsy ’ ’ testimony by police officers. Hence, this court has been asked to infer that the police are systematically evading the mandate of Mapp by fabricating their testimony. We cannot embrace this post hoc ergo propter hoc reasoning for as the then Judge Warreu Burgee observed in Bush v. United States (375 P. 2d 602, 604), “ [i]t would be a dismal reflection on society to say that when the guardians of its security are called to testify in court under oath, their testimony must be viewed with suspicion.” Thus, we reject this frontal attack on the integrity of our entire law enforcement system. In so doing, we are not oblivious to the problem that there is always a possibility that a witness will perjure himself. Indeed, this is why credibility is usually a crucial issue whenever facts are in dispute and courts have traditionally addressed themselves to the resolution of this basic question as a part of the fact-finding process. Though it may be an affront to our sensibilities, unfortunately, there are some members of our society who do not take their oath as witnesses seriously and violate it. Some police officers, as well as some in other callings may be tempted to tamper with the truth. But there is no valid proof that all members of law enforcement agencies or that all other citizens who testify are perjurers. Therefore, all policemen should not be singled out as suspect as a matter of law.
The fact that some witnesses may lie does not require a change in the burden of proof for it is our view that the proposal made in this appeal is no more effective in preventing perjury than the present burden of proof. Under both the suggested change and the present system, the defendant must still refute the testimony of the police officer. Thus, even where the officer *369 testifies that glassine envelopes were dropped by the defendant or to facts which would sustain a warrantless search, the court would still be faced with the same credibility question. Since a change in the burden of proof would be ineffective to combat the alleged evil about which the defendants herein complain, principles of stare decisis do not allow a departure from our present rule of burden of proof.
Moreover, it is our view that the present system, which gives the accused the protection of the Trial Judge and appellate courts on review, effectively and adequately addresses itself to the basic credibility problem which is always presented. Where the Judge at the suppression hearing determines that the testimony of the police officer is unworthy of belief, he should conclude that the People have not met their burden of coming forward with sufficient evidence and grant the motion to suppress. Similarly, appellate courts by a careful exercise of their jurisdiction, in reviewing the evidence, can effectively curtail the alleged abuses.
Additionally, there are more appropriate methods of dealing with the abuses about which the defendants complain. For example, as the District Attorney of Bronx County has suggested a possible solution to the problem of some police fabrication can be found within the several police departments of this State. They can effectively formulate internal procedures and policies within the department to eliminate any such abuses. This should at the very least take the form of training and official action to prevent fabrication. Lastly, the district attorneys of this State should evaluate the testimony of police officers, as they do the testimony of all witnesses, in determining what proof will be offered in the prosecution of a case.
Accordingly, in People v. Brown, People v. Ortiz and People v. Tate, the orders of the Appellate Term denying the motions to suppress should be affirmed, and in People v. Berrios and People v. Bryant, the judgments of conviction should be affirmed.