David T. Gibbons, J.
This motion by the defendant pursuant to CPL 710.20, subd. 3 is brought for an order to suppress, “ any and all alleged admissions, confessions or statements, oral or written, made by the defendant ”.
In the supporting affidavit on behalf of the defendant, it is stated: “ Affirmant has been advised by the office of the District Attorney of Nassau County that statements made by the Defendant, oral and written, made by the Defendant at the time of his arrest and while in the custody of the Nassau County Police Department, will be offered in evidence against the Defendant upon the Trial of this action. More specifically, these oral and written statements consist of responses to questioning by a member of the Nassau County Police Department with regard to operation of a motor vehicle by the Defendant, his physical condition, and his consumption of alcoholic beverages prior to his arrest. These responses were recorded by the police officer on a form known as ‘ PDGN 38 ’ which is a form used in the *99 interrogation of suspects who are being questioned with regard to an arrest on a charge of driving while intoxicated. This form also is used to record the results of various performance tests relative to the Defendant’s physical co-ordination (i.e. finger to nose test, picking up coins test, etc.) ”.
In the affidavit in opposition the District Attorney states:
“ The Office of the District Attorney is in possession of a form entitled Alcoholic Influence report which form is also known as Form 38. Said form includes, but is not limited to, an interview with the defendant, certain observations of the defendant by a police officer, and the results of several performance tests ”.
“ Your deponent further respectfully submits, upon information and belief, that the defendant was not given Miranda warnings prior to the time the information on the Form 38 was elicited ’ ’.
In view of the People’s concession that the information contained on the police Form 38 was the result of police interrogation of the defendant without compliance with the requirements of Miranda v. Arizona (384 U. S. 436) the motion herein is hereby granted to the extent that so much of the said Form 38 as contains the defendant’s oral responses to police questioning which are recorded on the ‘‘ interview ’ ’ portion of said form, are hereby suppressed from evidence herein, and shall not be admissible for use by the People as evidence herein. (See People v. Suchocki, 57 Misc 2d 26; People v. Gielarowski, 58 Misc 2d 832; CPL 60.45, subd. 2, par. [b], cl. [ii]; 710.60, subd. 2, par. [a].)
In all other respects the motion is denied and the police officers may testify as to their observations of the defendant’s control and co-ordination of his movements, how he responded to certain physical tests, and as to the results of any chemical tests to which the defendant may have been subjected by the police. (People v. Monahan, 25 N Y 2d 378; Vehicle and Traffic Law, § 1194; People v. Craft, 28 N Y 2d 274.)
The situation presented by this case is distinguishable from the case of People v. Samuel (29 N Y 2d 252, 262). In Samuel, the New York Court of Appeals held that the requirement for the making and filing of an accident report under section 600 of the Vehicle and Traffic Law is not a violation of the motorist’s Fifth Amendment Constitutional right against .self incrimination as the purpose of such accident report is “to protect the public from significant harm, especially to the person but also to property, and only the incidental effect is occasionally to inculpate
*100 Here, however, the police interrogation and the defendant’s answers were recorded on the police department Form 38, after the defendant was arrested, held in custody within the confines of the police station, and primarily for the purpose of obtaining inculpatory evidence from the defendant for use against him at the ensuing trial for driving while intoxicated.