OPINION OF THE COURT
Harold Fertig, J.
Defendant made an omnibus motion to suppress a statement allegedly made by the defendant and the results of a breathalyzer test given to the defendant, on the grounds that it was illegally performed.
At the end of the hearing the defendant’s motion was denied as to the statement and the court found that the police had probable cause for the arrest and there was enough evidence for the jury to find that the breathalyzer test was performed within two hours after arrest. The court reserved decision on that portion of the motion which requested suppression of the results of the breathalyzer, on the grounds that it was illegally performed because the People failed to prove that the defendant consented to the test. The People *247 contend that no proof of consent is necessary to prove legality and, if there was a refusal, the burden of that proof was upon the defendant.
Subdivision 1 of section 1194 of the Vehicle and Traffic Law provides that such consent is deemed and subdivision 2 provides that in the event the defendant refuses to take the test it shall not be given. These two sections are not in conflict with one another.
It is clear that there is no constitutional prohibition against giving such a test without defendant’s consent. (Schmerber v California, 384 US 757.)
The defendant argues that there is a statutory requirement for the People to first request defendant’s consent and that in order to prove the legality of the test the People must first prove that they requested defendant’s consent to take the test and that he consented.
In the legislative reports to the 1953 session of the New York State Legislature made by the Joint Legislative Committee on Motor Vehicle Problems (McKinney’s Session Laws of NY, 1953, p 1928) the committee clearly stated, "In the case of an unconscious individual, a chemical test can be administered since he is deemed to have given his consent when he used the highway. It is not necessary that a person be given the opportunity to revoke his consent. [Emphasis supplied.] The only reason the opportunity to revoke is given is to eliminate the need for the use of force by police officers if an individual in a drunken condition should refuse to submit to the test.”
The committee also stated (p 1917): "While it is the conclusion of this Committee that a person’s constitutional rights are not violated if he is compelled to submit to a chemical test against his will, the bill it has drafted avoids this problem * * * Under the Committee’s bill an individual is not compelled to submit to a chemical test. The accused may refuse to take the test, but if he refuses his license to drive will be revoked.”
This report was the basis for the adoption of chapter 854 of the Laws of 1953 amending the Vehicle and Traffic Law by adding a new section 71-a, the section from which section 1194 had been adopted.
Thus, the right of refusal is not a personal privilege but an accommodation to avoid a distasteful struggle to forcibly take *248 blood, breath or saliva. It is a qualified statutory right whereby the defendant and police may avoid the unpleasantness connected with administering a test to an unwilling subject. (People v Smith, 79 Misc 2d 172.)
"Section 1194 of the Vehicle and Traffic Law requires a refusal by a defendant. The legislation does not require an affirmative consent.” (People v McGroder, 81 Misc 2d 1081, 1083.) In that case the court accepted a blood test taken from an unconscious defendant.
In a hearing such as this, the People have to show the legality of the police conduct in the first instance. (People v Berrios, 28 NY2d 361; People v Di Stefano, 38 NY2d 640.) The defendant has the ultimate burden of proving that the evidence should be suppressed.
The People have shown the legality of the police action by satisfying the court that they had probable cause for the arrest and performed the test within two hours of arrest. Since the defendant’s consent is deemed, the People need only show that the test was given, that it was performed after an arrest based upon probable cause and within two hours of that arrest. In order to sustain his motion to suppress, defendant had the burden of going forward to show that the test was given, even though the defendant refused to take it. This the defendant has failed to do and has not met the burden necessary to suppress a chemical test which he claims he had refused. Accordingly, the motion to suppress the chemical test is denied.