■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY L. BROCKUM, Appellant. — Appeal from a judgment of the County Court of Fulton County (Albanese, J.), rendered June 15, 1981, upon a verdict convicting defendant of the crimes of driving while intoxicated and driving while having .10 of one per centum or more by weight of alcohol in his blood. Defendant contends that the taking of a breath sample pursuant to section 1193-a of the Vehicle and Traffic Law is violative of his right against self incrimination conferred by the Fifth Amendment of the Constitution of the United States, citing two cases in Town Justice Courts, *People v Hamza* (109 Misc 2d 1055) and *People v Delaney* (83 Misc 2d 576). Section 1193-a requires a motorist to submit to a breath test if the vehicle he operated was involved in an accident or the driver has violated any provisions of the Vehicle and Traffic Law. The challenge is predicated upon the statutory sanction of a breath test without requiring the presence of reasonable grounds to suspect that the motorist's ability to drive has become affected or impaired by alcohol. We reject this contention. The Fifth Amendment privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature. That compulsion which makes a suspect or accused the source of real or physical evidence such as fingerprinting, photographing, measurements, appearances in court and the like, does not violate the amendment (*Schmerber v California*, 384 US 757). The taking of a driver's blood for alcohol analysis does not call for testimonial compulsion prohibited by the Fifth Amendment (*People v Kates,* 53 NY2d 591). The prohibition is not an exclusion of the use of a defendant's body when it may be material. It follows that the use of breath is likewise not excluded (see *Holt v United States,* 218 US 245). Defendant next contends that the testing of his breath in the absence of probable cause to believe that his ability to drive was impaired by alcohol constituted an unreasonable search violative of the Fourth Amendment. This contention must also be rejected. The record amply demonstrates that the police officer had reasonable grounds to suspect defendant's intoxication. The vehicle swerved into the opposite lane forcing the police car off the road and was pursued for about one mile by the police car with flashing lights before stopping. These actions constituted sufficient factors from which the officer could reasonably infer that defendant was driving while under the influence of alcohol (*People v Abromowitz,* 58 AD2d 921, 922). At the very minimum, the stop was justified (*People v Ingle,* 36 NY2d 413, 420). Once stopped, defendant exhibited watery and bloodshot eyes, emanated an odor of alcohol from both his person and vehicle, and admitted that he had a long day at work and had a few beers. In these prevailing circumstances, there was further probable cause for the officer to believe defendant to be driving under the influence of alcohol justifying the breath test (*Schmerber v California,* 384 US 757, *supra; People v Kates,* 53 NY2d 391, 594-595, *supra*). Finally, we reject defendant's contention that the introduction of the breath test without proper foundation constitutes reversible error. Assuming, without deciding, that the test results were improperly admitted as evidence, the claimed error is harmless in view of the other evidence sufficient to establish guilt (see *People v Farrell,* 87 AD2d 690, Yesawich, J., concurring). Defendant's erratic driving and watery, bloodshot eyes and his admission of drinking beer, coupled with his unsteadiness in standing and slurred speech observed at the police station, and the .16% blood alcohol found by the chemical test later administered, all provide proof sufficient to sustain the conviction. Judgment affirmed. Sweeney, J. P., Main, Casey, Weiss and Levine JJ., concur.