OPINION OF THE COURT
Carl S. Wolfson, J.
FACTS
On March 16, 1983, defendant was accused of speeding in violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law. At the time defendant was stopped, the police officer requested defendant submit to an alco-sensor test pursuant to section 1193-a of the Vehicle and Traffic Law.[1] Defendant was not asked to submit to field sobriety tests; nor was she asked to take a chemical test pursuant to section 1194 of the Vehicle and Traffic Law. Defendant refused to do so and received uniform traffic tickets for violations of both of the above statutes.
Defendant moves to dismiss the accusation pursuant to section 1193-a of the Vehicle and Traffic Law, contending that the statute is unconstitutional as applied in this case. Specifically, defendant contends that the statute violates her Fifth Amendment right against self incrimination and *260 her Fourth Amendment right against unreasonable searches and seizures.
The court notes that the laws of the State of New York cast a heavy burden upon the defendant to demonstrate the unconstitutionality of duly enacted legislative statutes. (People v Collier, 89 AD2d 1041; People v Pagnotta, 25 NY2d 333.) This statute has been declared unconstitutional on various grounds by other courts. (People v Hamza, 109 Misc 2d 1055; People v Delaney, 83 Misc 2d 576.) Statutes should also be construed reasonably so as not to deprive citizens of important rights. (Matter of Pansa v Damiano, 14 NY2d 356.)
FIFTH AMENDMENT ISSUE
Defendant asserts that section 1193-a of the Vehicle and Traffic Law violates her right against self incrimination as mandated by the Fifth Amendment to the United States Constitution and applied to the States via the Fourteenth Amendment. That contention is without merit.
The Fifth Amendment protects a defendant from being compelled to testify against himself at trial, or from making forced admissions of guilt. (Miranda v Arizona, 384 US 436; Schmerber v California, 384 US 757; People v Brockum, 88 AD2d 697.) However, this proscription does not prevent law enforcement officials from obtaining physical evidence of guilt from defendants where material. (People v Thomas, 46 NY2d 100.)
It is well settled that a breath test given pursuant to section 1193-a or section 1194 of the Vehicle and Traffic Law is physical and not testimonial evidence. (People v Suchocki, 57 Misc 2d 26; People v Thomas, supra [blood test]; People v Kates, 53 NY2d 591 [blood test]; Schmerber v California, supra.) Instead, it is a “search of the person”. (People v Suchocki, supra; 21 NY Jur 2d, Criminal Law, § 137.) Since a motorist’s breath constitutes neither communication nor testimony, it is not protected by the Fifth Amendment. (People v Graser, 90 Misc 2d 219; People v Thomas, supra.)
*261 FOURTH AMENDMENT CONSIDERATIONS
Without a doubt all searches must be “reasonable” if they are to pass Fourth Amendment muster.[2] “Probable Cause” or “reasonable suspicion” are the touchstones of “reasonable” warrantless searches for physical evidence of criminal activity. (New York v Belton, 453 US 454; People v La Borde, 66 AD2d 803.) The “unreasonableness” of a search is a function of each case’s unique circumstances and law enforcement officials must articulate some combination of facts which would justify their suspicion that a crime is about to be committed or has been committed. (Terry v Ohio, 392 US 1; People v Ingle, 36 NY2d 413.)
This court is aware of no precedent which allows law enforcement officials to stop a moving vehicle for no reason at all. Once stopped searches without either probable cause or reasonable suspicion are permissible only in a very limited number of situations. In United States u Villamonte-Marquez (462 US 579) the United States Supreme Court held that no probable cause was necessary to justify customs officials boarding and searching ships.
There is no doubt that where probable or reasonable cause exists, a defendant can be compelled to submit to a breath test or to a blood-alcohol test. (Schmerber v California, supra; People v Thomas, supra; People v Kates, supra.) Defendant’s contention here, is that no probable or reasonable cause was present to justify the officer’s request and that section 1193-a of the Vehicle and Traffic Law is, therefore, unconstitutional as applied because it authorizes such a test absent probable cause.
Just as the mere presence of a defective tire does not automatically give rise to an inference of a driver’s intoxication, mere speeding does not automatically create a suspicion that a driver has been driving while intoxicated. (See People v Graser, supra.) In this case, the officer articulated no other indicia of defendant’s intoxication. There was no evidence of any combination of slurred speech; alcohol on the breath; labored walking; watery eyes, etc. *262 This lack of factual evidence of intoxication is inconsistent with the other cases which have held that reasonable cause existed to either arrest a defendant for driving while intoxicated or to ask him to submit to a blood sample, alcosensor test or to a breath test. (Cf. People v Steves, 117 Misc 2d 841; People v Abramowitz, 58 AD2d 921; People v Brockum, 88 AD2d 697; People v Kelty, 95 Misc 2d 246; Schmerber v California, supra; South Dakota v Neville, 459 US 553; People v Kates, supra; People v Suchocki, supra.) Had the facts herein even suggested that probable cause existed for the breath test, we would not have to consider the constitutionality of section 1193-a of the Vehicle and Traffic Law. However, since that statute authorizes a search even in the absence of probable or reasonable cause, we must hold it to be unconstitutional as applied. (People v Graser, supra.)
The District Attorney cites People v Brockum (supra) to support his contention that the instant statute is constitutional in any factual setting. However, the Appellate Division did not hold that the statute was constitutional in any situation; only that in that particular case reasonable cause existed to justify administration of an alco-sensor test.[3]
Finally, the District Attorney argues that when balancing the intrusive nature of this particular type of search against the public danger created by drunk drivers, the intrusion is minimal. While it is true that the penalty for refusal to submit to the test is a mere traffic infraction, the purpose of the alco-sensor test is to gather evidence of intoxication which is either a felony or a misdemeanor. (See Vehicle and Traffic Law, § 1192.) As in all other searches for evidence of a crime, we believe for the reasons stated above, that the statute is unconstitutional as applied to the facts herein. (See New York v Belton, supra.) While probable cause existed to stop the vehicle for speeding, there were insufficient grounds to justify any further search.

. Section 1193-a of the Vehicle and Traffic Law states that: “Every person operating a motor vehicle which has been involved in an accident or which is operated in violation of any of the provisions of this chapter shall, at the request of a police officer, submit to a breath test to be administered by a police officer. If such test indicates that such operator has consumed alcohol, the police officer may require such operator to submit to a chemical test in the manner set forth in section eleven hundred ninety-four of this chapter.”

. The police officer must have “reasonable grounds” or “probable cause” to justify the search. (People v La Borde, supra.) Once undertaken, the search must be reasonable in scope. (United States v Ross, 456 US 798.)

. 88 AD2d 697. In upholding the reasonableness of alco-sensor test in Brockum, the court stated that: “The record amply demonstrates that the police officer had reasonable grounds to suspect defendant’s intoxication. The vehicle swerved into the opposite lane forcing the police car off the road * * * Once stopped, defendant exhibited watery and bloodshot eyes, emanated *** alcohol from both his person and vehicle, and admitted that he had a long day at work and had a few beers.”