OPINION OF THE COURT
Robert T. Johnson, J.
The defendant, Wiley Johnson, Jr., is charged with violating *475 Vehicle and Traffic Law § 1192 (2) and (3) (operating a motor vehicle under the influence of alcohol) and Vehicle and Traffic Law § 1163 (a) (making an improper turn). He now moves to suppress a breathalyzer test result, or, in the alternative, for a hearing to determine the admissibility of such result.
The defendant was arrested on June 14, 1986 and arraigned on a criminal court information on August 25, 1986. In support of the charge of Vehicle and Traffic Law § 1192 (2), the information of Police Officer John Lynch of Highway Unit 3 alleges in pertinent part that the officer "observed the defendant operate a vehicle and fail to signal making a right turn, and upon stopping the defendant, he had an odor of alcohol on his breath, unsteady on his feet, watery eyes, and the defendant registered a .11% on the intoximeter test.”
Defendant alleges, in an affirmation by counsel in support of his motion, that Officer Lynch had no probable cause to stop the defendant’s vehicle and no reasonable grounds to believe that the defendant had violated Vehicle and Traffic Law § 1192. The defense alleges, upon information and belief: "the arresting officer did not see the defendant drive a vehicle in an unlawful manner” and that "the arresting officer merely saw the defendant driving slowly and immediately arrested him for operating a motor vehicle under the influence of alcohol, without any probable cause whatsoever to believe the defendant had committed any such offense.”
The People’s response to defendant’s motion cites, upon information and belief, the defendant’s failure to signal prior to making a right turn and the officer’s observations of defendant subsequent to the stop of defendant: the odor of alcohol on defendant’s breath, defendant’s watery eyes and the defendant’s unsteady gait. The People argue that, therefore, probable cause existed and the motion should be denied.
The issues at bar are whether or not lack of probable cause to stop the vehicle or lack of reasonable grounds to believe that the defendant violated Vehicle and Traffic Law § 1192 constitutes a legal basis for suppression of a breathalyzer test result, and whether or not a breathalyzer test result is suppressible evidence as contemplated by CPL 710.60.
New York courts have granted motions to suppress evidence or hold hearings to determine admissibility in three distinct areas: identification, statements and physical evidence. The basis for conducting such hearings has been established in various State and Federal cases. The leading cases in these *476 areas are, respectively, United States v Wade (388 US 218), People v Huntley (15 NY2d 72) and Mapp v Ohio (367 US 643). Obviously, the breathalyzer is not the subject of a Wade (identification) hearing. Nor is a Huntley (statements) hearing applicable, for the taking of a driver’s blood, fingerprints, or breath is not testimonial and not protected by the US Constitution 5th Amendment (Schmerber v California, 384 US 757; People v Kates, 53 NY2d 591; People v Brockum, 88 AD2d 697 [3d Dept]).
In Mapp, however, the United States Supreme Court held that "all evidence obtained by searches and seizures in violation of the Constitution is, by the same authority, inadmissible in a state court.” (367 US, at 655; emphasis added.) The US Constitution 4th Amendment and its standards of reasonableness have been ruled to apply to a seizure leading to the drawing of blood from the body (Schmerber v California, supra). Likewise, fingerprint evidence has been held to be no exception to the comprehensive rule of Mapp (Davis v Mississippi, 394 US 721). In addition, in People v Woods (Queens Crim Ct 1986, Lane, J. [docket No. 6Q003828]), the court held that the results of an intoximeter test would be suppressed as the fruit of the illegal stop and arrest. The Woods court ruled that an earlier finding of lack of probable cause at a Huntley hearing, in the same case, was applicable to the intoximeter test and made it inadmissible.
While the taking of a person’s breath is less intrusive than the drawing of blood, it is not less intrusive than the taking of fingerprints. All three are evidence of the same type and can be of equal import in a criminal prosecution. The violation of Vehicle and Traffic Law § 1192 (2) cannot be proved without the breathalyzer or chemical test result. Accordingly, the court holds that a breathalyzer test result is evidence as contemplated by Mapp v Ohio (supra) and CPL 710.60. It is, in fact, significant evidence and may not be proffered if it is the result of an illegal search.
The stop of an automobile without articulable suspicion or probable cause is not permissible and constitutes an illegal seizure (Terry v Ohio, 392 US 1; People v Ingle, 36 NY2d 413; People v Torres, 125 Misc 2d 78 [Crim Ct, NY County 1984]). Where probable or reasonable cause exists, a defendant can be compelled to submit to a breath test (People v Pecora, 123 Misc 2d 259 [Justice Ct, Town of Wappinger, Dutchess County 1984]). This court finds that as a stop without probable cause constitutes a legal basis for the suppression of physical evi *477 dence, so too does it constitute a legal basis for the suppression of a breathalyzer test result. The reasonableness or unreasonableness of the stop is a matter for judicial determination. Therefore, the court must next address itself to the question of what action it is required to take under CPL 710.60.
Pretrial motions to suppress evidence are governed by CPL 710.60. It should be noted that, in the instant case, there is no indication that the motion should be summarily granted in accordance with CPL 710.60 (2), and such motions may only be summarily denied if there is no "ground constituting [a] legal basis” or if there are no sworn allegations of fact which “as a matter of law support the ground alleged” (CPL 710.60 [3]). If neither granting pursuant to subdivision (2) nor denial pursuant to subdivision (3) is mandated, a hearing must be held pursuant to CPL 710.60 (4). The court finds that the sworn allegations of fact herein support the ground alleged. Accordingly, a hearing to determine the reasonableness of the stop is granted.
With respect to defendant’s argument that no reasonable ground to believe he had violated Vehicle and Traffic Law § 1192 existed, it should be noted that the initial breath test provided for in Vehicle and Traffic Law § 1193-a need only be preceded by an accident or a violation of the Vehicle and Traffic Law. The subsequent chemical test of breath, blood, urine or saliva provided for in Vehicle and Traffic Law § 1194 must be predicated upon reasonable ground to believe the vehicle was being operated in violation of Vehicle and Traffic Law § 1192. It is not readily apparent from the defendant’s moving papers which of these two tests defendant seeks to suppress. However, the sworn allegations of fact are sufficient to support an allegation that either standard was violated. Accordingly, a hearing on this issue is, likewise, granted. The question of which standard is to be applied is respectfully referred to the hearing court.