■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BURTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered January 16, 1986, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion is granted, the indictment is dismissed, and the case is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On a motion to suppress evidence, a defendant challenging the legality of a search and seizure bears the ultimate burden of proving illegality, but the People have the burden of going forward in the first instance to show the lawfulness of the police conduct *(see, People v Berrios,* 28 NY2d 361, 367; *People v Feingold,* 106 AD2d 583, 584). In this case the hearing court specifically found that the police testimony at the suppression hearing was unworthy of belief. The factual findings of the hearing court, including its resolution of issues of credibility, are entitled to great weight and, on this record, we perceive no basis for disturbing its findings *(see, People v Gee,* 104 AD2d 561). Since the court concluded that the police witnesses were not credible, it should have concluded that the People had not met their burden of coming forward with sufficient evidence and granted the motion to suppress *(see, People v Berrios, supra,* at 369). Thus, the hearing court's denial of that branch of the defendant's motion which was to suppress physical evidence was error. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.