OPINION OF THE COURT
Richard A. LaPera, J.
Defendant is charged with a violation of Vehicle and Traffic Law § 1192 (2), operating a motor vehicle with .17% alcohol in blood (misdemeanor). Defendant moved to suppress the results of the chemical test. A hearing with respect to the circum *479 stances surrounding defendant’s arrest and the administration of the breathalyzer test was conducted before this court on January 30 and February 23, 1990. Based upon the credible testimony and memoranda submitted by both parties, this court concludes that the People had probable cause to make the initial arrest and that the breathalyzer test was commenced within two hours after the time of defendant’s arrest pursuant to Vehicle and Traffic Law § 1194 (1).
A person who operates a motor vehicle in New York is deemed to consent to a chemical test if (1) there are reasonable grounds for the arrest, and (2) if the chemical test is given within two hours of the arrest. (Vehicle and Traffic Law § H94 [2].)
The parties agreed that the police had reasonable grounds to believe that the defendant was operating the vehicle in violation of section 1192. The sole issue to be determined at the hearing was whether the breathalyzer test was administered within two hours of defendant’s arrest.
FACTS
The facts as adduced at the hearing showed that on November 22, 1988, defendant was driving his motor vehicle erratically and failed to signal when making a turn and was stopped by a police officer, questioned and brought to the police station. The defendant was driving his motor vehicle in the Hicksville area which is located in Nassau County, State of New York. Testimony indicates that the arrest was made between 3:15 and 3:30 a.m. and that the chemical tests were administered at the Central Testing Unit, Franklin Avenue, Mineóla no later than 5:00 a.m., in fact the first test was taken at 4:43 a.m. and the second at 4:49 a.m. Defendant called his attorney immediately after the tests were administered. Said attorney testified that his answering machine indicated by electronic voice that the time was 6:14 a.m., thereby indicating that the breath test was given at 6:00 a.m. Counsel also testified that all messages taped before and after defendant’s call were accurate as to the time indicated electronically.
DECISION
Defendant argued that the People must establish beyond a reasonable doubt that the tests were administered within two *480 hours of arrest. Defendant relies on People v Sesman (137 Misc 2d 676), wherein the court determined that once the defendant shows that the evidence is not admissible, the standard of proof which the People must meet to render the evidence admissible is beyond a reasonable doubt. The Sesman court acknowledged that this "two hour” hearing involves suppression of physical evidence (Mapp hearing) which ordinarily imposes upon the People a lesser standard of proof. However, the court went on to state that "the court is constrained to find that the two-hour provision of Vehicle and Traffic Law § 1194 is an essential element of the offense of violating Vehicle and Traffic Law § 1192 (2), and as such must be established beyond a reasonable doubt.” (People v Sesman, supra, at 682.) The reasoning was that this hearing, is analogous to a Huntley situation and since a jury would be considering the same issue as an element of section 1192 (2), the same burden must be applied at the pretrial hearing as at the trial itself.
This court disagrees with defendant’s well-articulated arguments. It must first be noted that the two-hour time period set forth in Vehicle and Traffic Law § 1194 (2) (a) (2) is an evidentiary rule. (Matter of Viger v Passidomo, 65 NY2d 705.) The controlling standard of proof at evidence suppression hearings should be no greater than by a preponderance of the evidence (United States v Matlock, 415 US 164 [1974]; 4 LaFave, Search and Seizure § 11.2 [2d ed 1987]). At a hearing on a motion to suppress, the defendant must first bear the burden of producing evidence of the illegality of the test. Once the defendant has met that burden, the burden of going forward with evidence to show the testing was legal rests with the People. The People’s burden at that point is by a preponderance of the evidence. (People v Berrios, 28 NY2d 361; People v Burton, 130 AD2d 675.) Thus, there were two burdens to be met at this hearing, to wit: the defendant had to show the test was not administered within two hours rendering the results inadmissible. Upon such a showing, the People would have to show by a preponderance of the evidence that the test was timely administered, hence admissible at trial.
Upon careful consideration of the testimony given at the hearing and the posthearing memoranda, this court finds that the defendant did not meet his burden of showing that the test was not given within two hours of the arrest. The testi *481 mony regarding an attorney’s phone message machine as the sole dispositive evidence of the actual time was not enough to dispute the contrary testimony given at the hearing.
Thus, the motion is denied and the results of the test are admissible at trial.