■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CIRILO MUNOZ, Appellant. [797 NYS2d 460]—

Judgment, Supreme Court, New York County (Felice Shea, J., at suppression hearing; Bonnie Wittner, J., at plea and sentence), rendered December 18, 2002, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of six years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The police recovered a key from an arrested person, and acquired, at least, a founded suspicion that the key fit one of two apartments, and that criminal activity was associated with one of those apartments. An officer inserted a key into the lock of one of the apartments, tried the lock, and removed the key without opening the door. This action yielded no information except for the fact that the key fit the lock, a fact that, under the circumstances of this case, did not incriminate defendant. Defendant, who was inside the apartment, then opened the door, exposing drugs to open view.

The hearing evidence did not establish that defendant opened the door because of the officer's actions, or that he even heard the key being tried in the lock. While the People have the initial burden of coming forward, a defendant has the ultimate burden on a suppression motion (People v Berrios, 28 NY2d 361, 367 [1971]). In any event, even if we were to conclude that defendant opened the door because he heard the sound of the key being tried in the lock, we would conclude that his choice to open the door wide enough to expose its unlawful contents to plain view was a voluntary act that was attenuated from any possible illegality on the part of the police in testing the key (see People v Boodle, 47 NY2d 398, 402 [1979], cert denied 444 US 969 [1979]). In view of the foregoing, we find it unnecessary to decide the level of suspicion, if any, required for trying a key in a lock (see United States v Taylor, 119 F3d 625, 629-630 [8th

Cir 1997], *cert denied* 522 US 962 [1997] [summarizing various standards]), or reach any of the other arguments raised on this appeal. Concur—Tom, J.P., Saxe, Marlow, Ellerin and Catterson, JJ.