People v Brown (2018 NY Slip Op 07956)





People v Brown


2018 NY Slip Op 07956


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


999/12 7673 1531/12 7672

[*1]The People of the State of New York, Appellant,
v
Sunil Brown, Defendant-Respondent.
The People of the State of New York, Appellant,
v
Robert Salkey, Defendant-Respondent.


Darcel D. Clark, District Attorney, Bronx (Robert McIver of counsel), for appellant.
Justine M. Luongo, The Legal Aid Society, New York (Jose David Rodriguez-Gonzalez of counsel), for Sunil Brown, respondent.
Kevin D. McLoone, Yonkers, for Robert Salkey, respondent.



Order, Supreme Court, Bronx County (John W. Carter, J.), entered January 23, 2017, which granted defendant Sunil Brown's motion to suppress physical evidence and defendant Robert Salkey's motion to suppress a lineup identification, unanimously affirmed.
The hearing court's decision rests primarily on its factual determinations, which are accorded great deference and are supported by the record (see People v Prochilo , 41 NY2d 759, 761 [1977]). The court appropriately considered the main police witness's very limited recollection of the events. The court also determined that the timing of certain events was reliably established by the witness's testimony on cross-examination, rather than the version contained in his direct examination. According to the court's findings of fact, at the time of the gunpoint seizure of the two defendants, the police had an anonymous tip that an undescribed suspect or suspects had burglarized an unspecified apartment on the sixth floor of a building, they spoke to building residents who reported noise on that floor, and they saw defendants leaving an apartment on that floor carrying undescribed bags. The totality of this information failed to provide reasonable suspicion to support an immediate forcible seizure without any inquiry. The police learned additional information, but only after the unlawful seizure.
Therefore, the court properly suppressed all physical evidence as fruit of the illegality. Furthermore, the court also granted suppression, independently of the initial illegality, because the witness's recollection about the subsequent search of the contents of the bags, and about the recovery of gloves from the hallway floor, was so limited that the People did not meet their initial burden of coming forward with credible evidence to establish either a search of the bags incident to a lawful arrest
or the abandonment of the gloves (see generally People v Berrios , 28 NY2d 361, 367 [1971).
The record also supports the court's determination to suppress an officer's lineup identification of Salkey, who had fled the scene, as the unattenuated fruit of the unlawful stop [*2]and frisk (see e.g. People v Simpson , 174 AD2d 348, 351 [1st Dept 1991]). The vague testimony provided no explanation of how Salkey came to be placed in a lineup, and no basis for finding attenuation from the initial illegality.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK