People v Bell (2019 NY Slip Op 04474)





People v Bell


2019 NY Slip Op 04474


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9555 494/13

[*1]The People of the State of New York, Respondent,
v
Raymond Bell, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Daniel R. Lambright of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at suppression hearing; Ruth Pickholz, J. at jury trial and sentencing), rendered October 13, 2015, as amended October 21, 2013, convicting defendant of three counts each of robbery in the first and second degrees and criminal possession of stolen property in the fifth degree, and sentencing him to an aggregate term of five years, unanimously affirmed.
The court properly denied defendant's suppression motion. The People met their burden of coming forward, and defendant did not meet his ultimate burden of proving the illegality of the search and seizure (see People v Berrios, 28 NY2d 361, 367 [1971]). Notwithstanding defects in the police witnesses' recollections, there were sufficient details of the arrest presented to the hearing court to support a conclusion that police responding to a reported robbery in progress found defendant lying on the ground in a nearby park under suspicious circumstances, and observed that defendant had apparently just discarded a distinctive coat that had figured prominently in the description of one of the robbers. That testimony was sufficient to establish probable cause for defendant's arrest.
Defendant claims that his counsel rendered ineffective assistance at the suppression hearing by conceding that he had no basis to move to suppress a victim's phone that the police found on the ground after defendant rose from where he had been lying down. This claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record, including the circumstances of the phone's recovery and counsel's reasonable investigation of the issue (see e.g. People v Navarro, 143 AD3d 522, 523 [1st Dept 2016], lv denied 29 NY3d 1000 [2017]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not established prejudice, because there is no reason to believe that counsel could have obtained suppression of the phone.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The credible evidence established defendant's accessorial liability (see Penal Law § 20.00).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK