People v Stroud (2021 NY Slip Op 07375)





People v Stroud


2021 NY Slip Op 07375


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


881 KA 21-00476

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KYSEAN STROUD, DEFENDANT-APPELLANT. 






CONNORS LLP, BUFFALO (TERRENCE M. CONNORS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered March 18, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree and unlawful possession of marihuana in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful possession of marihuana in the second degree (§ 221.05), defendant contends that County Court erred in refusing to suppress physical evidence obtained following a vehicle and traffic stop, as well as statements he made to officers. We reject that contention. The officers testified at a suppression hearing that, on November 27, 2018, they were in a marked patrol vehicle when they smelled an odor of marihuana coming from a car parked by a gas station. Although the officers agreed that there is a difference between the odors of "burnt" and "burning" marihuana, one of the officers testified that he smelled "burnt" marihuana, whereas the other testified that he smelled "burning" marihuana. When the car drove away, the officers followed it in their vehicle and continued to smell the odor coming from the car. Thus, they pulled the car over. Defendant, a passenger in the car, said "come on, man, we are not doing anything wrong, we are just smoking some weed," at which point he handed one of the officers a bag of marihuana. The other officer then observed a gun by defendant's left thigh between the car seat and center console.
Contrary to defendant's contention, the police were justified in stopping the car based on the odor of marihuana alone. It is well established that the police may stop a vehicle if they have "reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]; see People v Cator, 159 AD3d 1583, 1583-1584 [4th Dept 2018]). As the law existed in 2018, a person was guilty of criminal possession of marihuana in the fifth degree, a class B misdemeanor, if he or she possessed burning marihuana inside of a vehicle located on a public highway (see Penal Law former § 221.10 [1]; People v Jackson, 18 NY3d 738, 742-747 [2012]), and thus a police officer, qualified by training and experience, was at the time justified in stopping such a vehicle if he or she detected the odor of marihuana emanating from that vehicle (see generally People v Chestnut, 43 AD2d 260, 261-262 [3d Dept 1974], affd 36 NY2d 971 [1975]).
Nonetheless, defendant further contends that the police testimony was inconsistent and incredible, and thus that the court was unjustified in crediting their assertions that they detected the odor of marihuana emanating from the car. Among other things, defendant contends that the [*2]officers' respective testimony concerning what they smelled casts doubt on the accuracy of that testimony. " 'Great weight must be accorded to the determination of the suppression court because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous or unsupported by the hearing evidence' " (People v Johnson, 138 AD3d 1454, 1454 [4th Dept 2016], lv denied 28 NY3d 931 [2016]; see People v Daniels, 147 AD3d 1392, 1392 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]). In our view, the testimony of the officers "contained only minor inconsistencies, and there is no indication that it was tailored to meet constitutional requirements" (People v Williams, 18 AD3d 241, 241 [1st Dept 2005], lv denied 5 NY3d 771 [2005]).
Finally, we reject defendant's contention that the officers' act of stopping the car was based on a " 'hunch' or 'gut reaction' " after observing an "innocuous act" (People v Sobotker, 43 NY2d 559, 564 [1978]; cf. People v Hernandez, 187 AD3d 1502, 1504-1505 [4th Dept 2020]).
All concur except Whalen, P.J., and NeMoyer, J., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent. We agree with defendant that County Court erred in denying that part of his omnibus motion seeking suppression of all evidence seized or discovered by police officers following the officers' stop of a vehicle in which defendant was a passenger. We would therefore reverse the judgment, vacate the plea, grant that part of the motion seeking to suppress the evidence seized or discovered by the police following the stop, and dismiss the indictment. It is well settled that, although the defendant bears the ultimate burden of proving that suppression is warranted, the People bear the initial burden of showing the legality of the police conduct in the first instance (see People v Berrios, 28 NY2d 361, 367 [1971]; People v Dortch, 186 AD3d 1114, 1115 [4th Dept 2020]). In reviewing a determination of the suppression court on whether the People have met that initial burden, we generally must accord "great weight" to the court's decision "because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous" (People v Stokes, 212 AD2d 986, 987 [4th Dept 1995], lv denied 86 NY2d 741 [1995]; see People v Mejia, 64 AD3d 1144, 1145 [4th Dept 2009], lv denied 13 NY3d 861 [2009]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]). That deference is not absolute, however, inasmuch as we also have the "fact-finding authority to determine whether police conduct was justified" (People v Lopez, 149 AD3d 1545, 1547 [4th Dept 2017]; see also People v McRay, 51 NY2d 594, 605 [1980]) as well as the responsibility, by "careful exercise of [our] jurisdiction, in reviewing the evidence, [to] effectively curtail [any] alleged abuses" (Berrios, 28 NY2d at 369).
Here, contrary to the conclusion of the suppression court, we conclude that "the significant inconsistencies and gaps in memory . . . [in] the testimony of the police officers who testified at the hearing bear negatively on their overall credibility" (People v Rhames, 196 AD3d 510, 513 [2d Dept 2021] [internal quotation marks omitted]). Neither of the two officers who testified could recall with clarity any of the details of their stop of the vehicle in which defendant was a passenger, with one officer acknowledging that the only thing that he could recall was that he "smelled mari[h]uana." The officers disagreed whether that smell was of burnt or burning marihuana. Inasmuch as both officers testified that they each had conducted innumerable traffic stops where marihuana was involved, their inability to recall further details regarding this particular stop undermines the reliability of the officers' testimony. We therefore conclude that, because the lapses in the officers' memory of the stop render their testimony unworthy of belief, the People failed to meet their burden of coming forward with sufficient evidence to establish the legality of the police conduct in the first instance (see generally Berrios, 28 NY2d at 369).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court